Henry RAMIREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 285–89.

Court of Criminal Appeals of Texas, En Banc.

Oct. 31, 1990.

Rehearing Overruled Jan. 30, 1991.

J.W. Howeth, Terrey Cobb, Austin, for appellant.

Ronald Earle, Dist. Atty. and Danya Blazey Baird, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

A jury convicted appellant of aggravated sexual assault and the trial court assessed punishment, enhanced by use of a prior felony conviction, delivery of heroin, at imprisonment for twenty-five (25) years in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division. The Third Court of Appeals affirmed the trial court's judgment in an unpublished opinion. See *Ramirez v. State*, No. 3–87–271–CR (Tex.App.—Austin, delivered January 25, 1989). We granted appellant's petition for discretionary review in order to make the determination whether the court of appeals correctly ruled that it was proper for the prosecuting attorney to question K __ R __, the natural mother of A __ R __, the eight year old complaining witness, about K __ R __'s prior use of heroin, and whether such questioning constituted an attempt to impeach K __ R __ on a collateral issue.

We will reverse the judgment of the court of appeals and remand this cause to the trial court for proceedings not inconsistent with this opinion.

K __ R __ testified for appellant that she was unaware of any unusual or abnormal sexual activity involving A __ R __ and appellant. She also denied that A __ R __ had informed her of any such sexual activity. She further contradicted testimony from her adoptive mother, that she had voluntarily surrendered custody of A __ R __ to her adoptive parents at an earlier time because she was unable to care for A __ R __. She did agree that her relationship with her adoptive parents was not a good one and that she was then engaged in a custody battle with her adoptive parents over A __ R __ and two other children. On cross-examination, over objection, the State was permitted to ask K __ R __ questions concerning her alleged use of heroin when she previously resided in Wisconsin. K __ R __ either denied using heroin or invoked her right of self-incrimination. The court of appeals characterized K __ R __'s testimony as follows: "[S]he was simply a devoted mother trying to fend off those who would arbitrarily take her children away from her." (Slip opinion at page 4.) Having so characterized K __ R __'s testimony, the court of appeals held that evidence of K __ R __'s use of heroin was highly relevant to rebut this "substantive issue." We disagree.

■ The general rule is that a party is not entitled to impeach a witness on a collateral matter. "The test as to whether a matter is collateral is whether the cross-examining party would be entitled to prove it as a part of his case tending to establish his plea." *Bates v. State*, 587 S.W.2d 121, 133 (Tex.Cr.App.1979). See also *Shipman v. State*, 604 S.W.2d 182 (Tex.Cr.App.1980). Unquestionably, the State was not entitled to rely on evidence in its case-in-chief that K __ R __ had previously used heroin in an effort to show that appellant committed an aggravated sexual assault on A __ R __.

■ There is, however, an exception to the general rule that a party is not entitled to impeach a witness on a collateral matter. When a witness leaves a false impression concerning a matter relating to his or her credibility, the opposing party is allowed to correct that false impression. For example, "when the witness, by his direct testimony, leaves a false impression of his 'trouble' with the police, it is legitimate cross-examination to prove that the witness had been 'in trouble' on occasions other than those about which he offered direct testimony." *Nelson v. State,* 503 S.W.2d 543, 545 (Tex.Cr.App.1974).

The court of appeals recognized that the State could not prove in its case in chief that K ___ R ___ had previously used heroin in order to show that appellant had committed the alleged offense of aggravated sexual assault. The court of appeals instead relied on the "false impression" exception set out above. However, K ___ R ___'s contradiction of her adoptive mother's earlier statements about a collateral matter, namely that K ___ R ___ was a "poor" mother, did not amount to a blanket assertion that she had never before been in trouble. We hold that K ___ R ___'s testimony was insufficient to implicate the exception set out above.

The State argues that K ___ R ___'s testimony implied that A ___ R ___ was lying because of a claimed conspiracy that allegedly existed between K ___ R ___'s adoptive parents and A ___ R ___, namely, to ensure A ___ R ___'s removal from K ___ R ___'s custody. The State further argues that K ___ R ___ would lie to prevent such from happening. We find the State's arguments unpersuasive, especially given the fact that such was not admissible in the State's case-in-chief against appellant, and the evidence is insufficient to invoke the above exception to the general rule of inadmissibility.

■ The State further argues that the line of questioning was proper, in order to show that K ___ R ___ was under the influence of heroin, to the extent that she was unaware of what appellant was doing to A ___ R ___. In support of this theory, the State cites us to *Kennedy v. State,* 150 Tex.Crim. 215, 200 S.W.2d 400 (1947), which involved an allegation that a witness was drunk at the time he heard a threat being made. This Court wrote: "An application of the exception [to the rule] depends upon the fact that the drunkenness or drunken condition of the witness was co-existent, in point of time, with the matter about which he testifies. The State, having offered proof of the fact that Woolems was drunk—as within the exception noted—was under the burden to so show." *Id.* at 404. In the case before us, however, other than to ask K ___ R ___ questions, the State made no other effort to demonstrate that K ___ R ___ had previously used or was under the influence of heroin at the time of the incident for which appellant was prosecuted. We hold that the prosecutor's questioning of K ___ R ___ was improper impeachment.

We further observe that this case was tried after the effective date of the Rules of Criminal Evidence. Rule 608(b) states:

Specific instances of conduct of a witness, for the purpose of attacking or supporting his credibility, other than a conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence.

The rule, by its terms, is very restrictive. Unlike its federal counterpart, the above rule of evidence allows for no exceptions.

The federal rule also provides for the following:

[Specific instances of the conduct of a witness] may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross examined has testified. . . .

In *Campbell v. State,* 718 S.W.2d 712 (Tex.Cr.App.1986), this Court noted that by adopting the language of a federal rule it was intended to adopt the federal interpre-

tation of the rule as well. However, the above additional wording of federal rule 608(b) was not adopted by this Court. Thus, any federal cases discussing the exception to federal rule 608(b) are not instructive.

The State lastly argues that if there was error, it was harmless under Rule 81(b)(2), Tex.R.App.Pro. We disagree. Given the facts and circumstances of this case, we cannot say beyond a reasonable doubt that the error made no contribution to the jury's finding appellant guilty of the offense of aggravated sexual assault.

The judgments of the trial court and the court of appeals are reversed and the cause is remanded to the trial court for proceedings not inconsistent with this opinion.

WHITE, J., concurs in the result.

McCORMICK, P.J., and W.C. DAVIS and BERCHELMANN, JJ., dissent.

STURNS, J., not participating.

MILLER, Justice, concurring.

I agree with the majority opinion's holding that the State improperly questioned K ___ R ___ about her use of heroin during its cross-examination. The majority opinion also correctly points out that Rule 608(b), Tex.R.Crim.Evid., does not allow the use of specific instances of conduct for impeaching the credibility of a witness, except as provided for in Rule 609 which was inapplicable in this case.

I write this opinion to address the impact of the new rules of criminal evidence upon our prior common law rules. On page two of the majority opinion, Judge Teague notes our long-standing general rule that a party is not entitled to impeach a witness on a collateral matter, and the recognized exception to this rule that when a witness leaves a false impression concerning a matter relating to his or her credibility, the opposing party may correct that false impression. As evidenced by the cases cited in the majority opinion, this general rule and its exception were created years prior to the adoption of the Rules of Criminal Evidence.

Rules 608(b) and 609, Tex.R.Crim.Evid., through their codification, bring forward the prior law of Art. 38.29, V.A.C.C.P., repealed September 1, 1986. In doing so, these rules dictate the appropriate procedure when one party seeks to impeach a witness with evidence of a prior specific act of misconduct. Of course it was during the time when Art. 38.29 and its predecessors were in existence that the general rule concerning impeachment on a collateral matter came to be. See generally *Ochoa v. State*, 481 S.W.2d 847 (Tex.Cr.App.1972). Under the present codification, however, there is no specific rule addressing this common law general rule regarding impeachment on a collateral matter or its attendant exception. My view is that Rule 607 maintains the viability of this general rule and exception and provides the vehicle for such impeachment.

Rule 607 specifically provides:

RULE 607. WHO MAY IMPEACH

The credibility of a witness may be attacked by any party, including the party calling him.

As long as a party is correcting a false impression made by a witness I would allow that party, pursuant to Rule 607, to utilize for impeachment purposes a specific instance of the witness's conduct. Although Rule 607 does not expressly address this exception, I do not believe the enactment of the Rules of Criminal Evidence abolished it.

With these comments, I join the majority opinion.