TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00143-CR







Antonio Mendez Gonzales, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0940419, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated assault of a police officer. Act of May
22, 1991, 72d Leg., R.S., ch. 334, § 2, 1991 Tex. Gen. Laws 1380, 1381 (Tex. Penal Code Ann.
§ 22.02(a)(2), since amended). The district court assessed punishment at imprisonment for three
years, suspended imposition of sentence, and placed appellant on community supervision.


The Charged Offense


 On the morning of September 23, 1993, Rocky Guel got into an argument with
Gonzalo Gonzales, his coworker at an Austin radiator shop. According to Guel, Gonzales
brandished a knife and threatened him. Guel withdrew and called the police. Austin police
officers Scott Gunnlaugsson and Walter Riek were dispatched to the scene. They were met
outside the shop by Guel, who told them that a man named Gonzales pulled a knife on him and
was at that moment inside the shop. 

 Gunnlaugsson went inside to investigate while Riek remained outside to question
Guel. Gunnlaugsson testified that when he entered the shop he was approached by appellant, who
was also an employee of the radiator shop and is Gonzalo Gonzales's son. Gunnlaugsson asked
appellant if he was Gonzales. Appellant said he was. Gunnlaugsson told appellant to raise his
arms and that he was going to pat him down for weapons. Instead of complying with the officer's
order, appellant shoved him with both hands. Gunnlaugsson then seized appellant's arm and tried
to gain physical control as appellant resisted. Gonzalo Gonzales and another radiator shop
employee, Joel Bellah, grabbed Gunnlaugsson from behind as appellant hit the officer with his
fists. Riek came to Gunnlaugsson's aid and after a physical struggle the officers succeeded in
subduing the three men.

 Appellant was indicted for the aggravated assault of Gunnlaugsson, while Gonzalo
Gonzales and Bellah were indicted for the aggravated assault of Riek. The three men were tried
together and each testified. According to the defensive testimony, Gunnlaugsson entered the shop,
seized appellant, and twisted his arm behind his back. When Gonzalo Gonzales and Bellah tried
to explain to the officer that appellant was not the man he was looking for, Riek attacked them
with his club. Meanwhile, Gunnlaugsson threw appellant to the floor and began to strike him. 
The district court's charge included instructions on self-defense generally and on the use of force
to resist an arrest or search. See Tex. Penal Code Ann. § 9.31 (West 1994 & Supp. 1996). The
court also instructed the jury on the circumstances under which a peace officer may use force to
effect an arrest. See Tex. Penal Code Ann. § 9.51 (West 1994). The jury found appellant guilty
but acquitted Gonzalo Gonzales and Bellah. (1)


The Taylor Incident


 Appellant brings forward nine points of error, each relating to the district court's
refusal to permit him to cross-examine Gunnlaugsson and offer evidence regarding an unrelated
incident in which the officer was involved in August 1994. On that occasion, Gunnlaugsson and
his police supervisor, Sergeant Randall Pasley, arrested Charles Taylor for a drug offense after
a brief chase. Following the arrest, and while lying on the ground with his hands cuffed behind
him, Taylor shouted obscenities at the two police officers. According to Taylor, who is black,
Gunnlaugsson told him, "[Y]ou niggers and you Mexicans need to go back where you come
from." Gunnlaugsson then kicked Taylor.

 Gunnlaugsson admitted kicking Taylor but denied making the racially disparaging
remark. Pasley corroborated Gunnlaugsson's testimony, saying that he did not hear Gunnlaugsson
make a racial slur. Both Gunnlaugsson and Pasley also testified that after kicking Taylor,
Gunnlaugsson looked at Pasley and said, "[S]arge, you didn't see that, did you?" In fact, Pasley
did see it and reported the kicking incident to the police department's internal affairs office.

 Before the district court, appellant argued that the Taylor incident was admissible
to impeach Gunnlaugsson's testimony on the theory that it reflected a racial bias that might cause
him to testify untruthfully against appellant. Appellant further argued, with particular reference
to Gunnlaugsson's statement to Pasley after kicking Taylor, that the proffered evidence also was
relevant to impeach Gunnlaugsson's credibility. The district court found that Taylor's testimony
regarding the racial slur was not credible and held that the probative value of the evidence was
substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading
the jury. Tex. R. Crim. Evid. 403. The court excluded evidence of Gunnlaugsson's statement
to Pasley on the authority of Texas Rule of Criminal Evidence 608(b), which provides that the
credibility of a witness may not be impeached with evidence of specific conduct that does not
result in a criminal conviction. The court did not separately address the admissibility of evidence
that Gunnlaugsson kicked Taylor.

 In his brief, appellant breaks the Taylor incident into three parts: the racial slur,
the kick, and Gunnlaugsson's statement to Pasley. As to each, appellant argues that the court's
refusal to permit cross-examination or evidence denied him due process and due course of law and
was contrary to the rules of criminal evidence. U.S. Const. amend. XIV; Tex. Const. art. I, §§
10, 19; Tex. R. Crim. Evid. 610, 612. Appellant makes no effort to demonstrate that the United
States and Texas constitutions differ in any relevant respect, a fact he concedes in his brief. 
Therefore, we will assume for the purpose of this opinion that appellant's rights under the Texas
Constitution are comparable to those secured by the United States Constitution. See Morehead
v. State, 807 S.W.2d 577, 579 n.1 (Tex. Crim. App. 1991).


Discussion


 As part of the Sixth Amendment right to confrontation, a defendant must be given
great latitude to show any fact that would tend to establish ill feeling, bias, motive, or animus on
the part of a witness testifying against him. Delaware v. Van Arsdall, 475 U.S. 673, 678-79
(1986); Davis v. Alaska, 415 U.S. 308, 316-17 (1974); Hurd v. State, 725 S.W.2d 249, 252 (Tex.
Crim. App. 1987); see Pointer v. Texas, 380 U.S. 400, 403 (1965) (Fourteenth Amendment
incorporates confrontation right). Our rules of criminal evidence expressly recognize the right
to impeach a witness by proof of circumstances or statements showing bias or interest on the part
of the witness. Tex. R. Crim. Evid. 612(b). Unlike an attack on a witness's character, which
reflects on the witness's truthtelling tendencies generally, an attack concerning bias or interest
relates only to the specific litigation or parties. The impeaching party must attempt to show that
the witness's attitude is such that he is likely to favor or disfavor a particular litigant's position
for reasons unrelated to the merits of the suit. 1 Steven Goode, Olin Guy Wellborn III & M.
Michael Sharlot, Guide to the Texas Rules of Evidence: Civil and Criminal § 613.6 (Texas
Practice 2d ed. 1993) (hereafter "Guide to Texas Evidence").

 The rules of evidence grant a party greater latitude to prove a witness's bias than
to prove a witness's untruthful character. For the purpose of impeaching his credibility, a
witness's character may be attacked by opinion or reputation evidence and by proof of certain
criminal convictions. Tex. R. Crim. Evid. 608(a), 609. Other than conviction of a crime, a
witness's character for truthfulness may not be impeached by proof of specific instances of
conduct. Tex. R. Crim. Evid. 608(b). Rule 608(b) is very restrictive and allows for no
exceptions. Ramirez v. State, 802 S.W.2d 674, 676 (Tex. Crim. App. 1990). Rule 612, by
contrast, places no limits on the sort of evidence that may be adduced to show a witness's bias or
interest. Evidence of bias or interest covers a wide range, and the field of external circumstances
from which probable bias or interest may be inferred is infinite. Jackson v. State, 482 S.W.2d
864, 868 (Tex. Crim. App. 1972) (quoting Aetna Ins. Co. v. Paddock 301 F.2d 807, 812 (5th Cir.
1962)). 


"You didn't see that."

 The district court did not err by prohibiting questioning or evidence regarding
Gunnlaugsson's "you didn't see that" statement to Pasley after he kicked Taylor. Appellant
argued before the district court that this evidence showed that Gunnlaugsson "was willing to try
to cover up the facts, to try to misinform the record . . . and to basically not tell the truth, Judge. 
Another way of saying that is to lie. It goes directly to his credibility." While Gunnlaugsson's
statement to Pasley may reflect negatively on his truthful character, the district court correctly
ruled that the use of this specific instance of conduct as character evidence was prohibited by rule
608(b). 

 Appellant argues that his constitutional confrontation right creates an exception to
rule 608(b). The authorities on which appellant bases this argument do not support it. To the
contrary, they recognize that specific acts of conduct are not admissible to impeach a witness's
character for truthfulness, and hold only that such conduct evidence is admissible to show a
witness's bias or interest. See Moody v. State, 827 S.W.2d 875, 891 (Tex. Crim. App. 1992)
(while there are no exceptions to rule 608(b), constitutional confrontation right includes
opportunity to expose witness's motivation in testifying); Thomas v. State, 897 S.W.2d 539, 542
(Tex. App.--Fort Worth 1995, no pet.) (while evidence of specific acts of conduct generally not
admissible to attack witness's credibility, exception exists where evidence shows bias or motive
to testify untruthfully).

 Appellant attempts to bring Gunnlaugsson's statement to Pasley within the scope
of rule 612(b) by arguing that the officer's "attempt to invoke the `code of silence' on his use of
unlawful force against Taylor" raises an inference that his testimony in this cause was motivated
by a desire to conceal his improper use of force against appellant. We decline to address this
contention because it was not presented to the district court. Tex. R. App. P. 52(a). At trial,
appellant argued only that the Taylor incident was evidence of a racial bias that might cause
Gunnlaugsson to testify untruthfully against appellant. He did not suggest that the incident
showed a motive for testifying untruthfully that was not related to the alleged racial prejudice. 
Points of error seven, eight, and nine are overruled.


The kick.

 At trial, appellant did not argue that Gunnlaugsson's kick of Taylor as he lay
handcuffed on the ground was independently admissible to impeach Gunnlaugsson. Instead,
appellant urged that the kick should be considered as a circumstance aggravating the racial slur
and giving context to Gunnlaugsson's statement to Pasley. As a consequence, the district court
did not rule on the admissibility of the kick evidence standing alone. In the absence of an adverse
ruling, appellant did not preserve error with regard to this issue. Rule 52(a).

 Even if these points were properly before us, they would not present reversible
error. Appellant first argues that, given the nature of the alleged offense and the defense put
forward, Gunnlaugsson's use of unreasonable force against Taylor was a circumstance showing
a motive for Gunnlaugsson to testify untruthfully against appellant. Moody v. State, 830 S.W.2d
698, 704-05 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd); Posey v. State, 738 S.W.2d 321,
324 (Tex. App.--Dallas 1987, pet. ref'd). Whatever the merit of this argument, it was not
presented to the district court and therefore was not preserved for appeal. Rule 52(a). As
previously noted, the only argument relevant to rule 612(b) urged by appellant in the trial court
was that the Taylor incident showed Gunnlaugsson's racial prejudice.

 Appellant also urges that Gunnlaugsson's use of improper force against Taylor was
relevant to corroborate appellant's self-defense claim. This, however, is not an argument for
admitting the evidence under rule 612(b) to show bias, but for admitting the evidence as
circumstantial proof of Gunnlaugsson's violent conduct on the day in question. See Tex. R. Crim.
Evid. 404(b). This contention also was not presented to the district court. To the contrary, we
understand counsel's remarks at trial as disclaiming reliance on rule 404(b). Points of error four,
five, and six are overruled.


The racial slur.

 A trial court may not prohibit a defendant from engaging in otherwise appropriate
cross-examination designed to show a prototypical form of bias on the part of a witness against
him. Van Arsdall, 475 U.S. at 680. Racial prejudice is a prototypical form of bias. Hurd, 725
S.W.2d at 253. The same may be said, we believe, about prejudice based on ethnicity or national
origin. Thus, a witness's bias or prejudice against Hispanics may be a legitimate area of inquiry
under rule 612(b).

 The district court gave two reasons for excluding the evidence that Gunnlaugsson
told Taylor that "niggers and . . . Mexicans need to go back where you come from." First, the
court found that Taylor's testimony was not credible. Taylor's credibility was a legitimate
concern because the alleged racially defamatory statement had probative value only if
Gunnlaugsson in fact made it. Under Texas Rule of Criminal Evidence 104(b), whether a
"conditional fact" has been proved is a question for the jury. Guide to Texas Evidence, § 104.2. 
The trial court's role under rule 104(b) is limited to determining whether there is sufficient
evidence to support such a finding. Harrell v. State, 884 S.W.2d 154, 159-61 (Tex. Crim. App.
1994); Guide to Texas Evidence, § 104.2. In Harrell, the court held that before evidence of an
extraneous offense may be admitted pursuant to rule 404(b), the trial court must determine that
there is sufficient evidence to support a jury finding beyond a reasonable doubt that the defendant
committed the offense. Harrell, 884 S.W.2d at 160. While it is not clear from the Harrell
opinion whether this quantum of proof applies to all conditional facts under rule 104(b), we will
assume for the purpose of this opinion that in all cases of conditional relevance, the proponent
must proffer sufficient evidence to support a finding of the conditional fact beyond a reasonable
doubt.

 The conditional fact at issue in this cause was whether Gunnlaugsson made the
racially defamatory statement attributed to him by Taylor. Under rule 104(b), the district court
was to determine only whether the evidence was sufficient to support a finding that Gunnlaugsson
made the statement. The ultimate decision whether Gunnlaugsson did or did not make the
statement was a question for the jury. Clearly, Taylor's testimony, if believed by the jury,
supported a finding beyond a reasonable doubt that Gunnlaugsson made the racial slur. To the
extent that the court made its own determination of Taylor's credibility rather than leaving that
determination to the jury, it exceeded the scope of its discretion under rule 104(b). See also Tex.
Code Crim. Proc. Ann. art. 38.04 (West 1979) (jury is exclusive judge of facts and weight to be
given testimony). 

 The district court's second reason for excluding evidence regarding the racial slur
was its conclusion that the probative value of the evidence was substantially outweighed by the
danger of unfair prejudice, confusion of the issues, and misleading the jury. Tex. R. Crim. Evid.
403. Appellant argues that rule 403 does not apply to evidence offered to prove a witness's bias
or interest. But neither he nor the State refers us to any opinion discussing whether evidence of
a witness's bias offered pursuant to rule 612(b) may be excluded under the authority of rule 403.

 The Supreme Court has written:


It does not follow, of course, that the Confrontation Clause of the Sixth
Amendment prevents a trial judge from imposing any limits on defense counsel's
inquiry into the potential bias of a prosecution witness. On the contrary, trial
judges retain wide latitude insofar as the Confrontation Clause is concerned to
impose reasonable limits on such cross-examination based on concerns about,
among other things, harassment, prejudice, confusion of the issues, the witness'
safety, or interrogation that is repetitive or marginally relevant. And as we
observed earlier this Term, "the Confrontation Clause guarantees an opportunity
for effective cross-examination, not cross-examination that is effective in whatever
way, and to whatever extent, the defense might wish."



Van Arsdall, 475 U.S. at 679 (quoting Delaware v. Fensterer, 474 U.S. 15, 20 (1985)); and see
Hurd, 725 S.W.2d at 252 (quoting Van Arsdall). The grounds for excluding otherwise relevant
evidence listed in rule 403 essentially mirror the concerns mentioned in Van Arsdall. We
conclude that the district court had the discretion to determine the appropriate manner of showing
Gunnlaugsson's alleged ethnic bias.

 An appellate court may reverse a trial court's exercise of its discretion only when
it appears that the court applied an erroneous legal standard, or when no reasonable view of the
record could support the court's conclusion under the correct law and the facts viewed in the light
most favorable to its conclusion. Dubose v. State, 915 S.W.2d 493, 497-98 (Tex. Crim. App.
1996); and see Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (opinion on
rehearing) (trial court's discretionary ruling will be upheld if it is within zone of reasonable
disagreement). The evidence that Gunnlaugsson kicked a black arrestee and said that "niggers and
Mexicans" should go back where they came from was more probative of prejudice against
African-Americans than it was of prejudice against Mexican-Americans. The district court could,
we believe, reasonably conclude that this evidence would have an undue tendency to focus the
jury's attention on a matter -- Gunnlaugsson's bias against blacks -- that was irrelevant to
Gunnlaugsson's credibility as a witness in this cause yet likely to provoke an emotional response
among the jurors. The court's conclusion that this risk of unfair prejudice and confusion of the
issues outweighed the marginal relevance of the evidence was within the zone of reasonable
disagreement. On this record, appellant has not shown an abuse of the district court's discretion. 
Points of error one, two, and three are overruled.

 The judgment of conviction is affirmed.


Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: August 28, 1996

Publish
1.   Gonzalo Gonzales was also acquitted of the aggravated assault of Guel.



ict court
was to determine only whether the evidence was sufficient to support a finding that Gunnlaugsson
made the statement. The ultimate decision whether Gunnlaugsson did or did not make the
statement was a question for the jury. Clearly, Taylor's testimony, if believed by the jury,
supported a finding beyond a reasonable doubt that Gunnlaugsson made the racial slur. To the
extent that the court made its own determination of Taylor's credibility rather than leaving that
determination to the jury, it exceeded the scope of its discretion under rule 104(b). See also Tex.
Code Crim. Proc. Ann. art. 38.04 (West 1979) (jury is exclusive judge of facts and weight to be
given testimony). 

 The district court's second reason for excluding evidence regarding the racial slur
was its conclusion that the probative value of the evidence was substantially outweighed by the
danger of unfair prejudice, confusion of the issues, and misleading the jury. Tex. R. Crim. Evid.
403. Appellant argues that rule 403 does not apply to evidence offered to prove a witness's bias
or interest. But neither he nor the State refers us to any opinion discussing whether evidence of
a witness's bias offered pursuant to rule 612(b) may be excluded under the authority of rule 403.

 The Supreme Court has written:


It does not follow, of course, that the Confrontation Clause