Opinion issued May 6, 2004
















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01221-CR




AGAPITO MARTINEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 883253




MEMORANDUM OPINION
          A jury found appellant, Agapito Martinez, guilty of aggravated robbery,
enhanced by a prior conviction for burglary of a habitation. The jury assessed his
punishment at 35 years’ confinement. We affirm.
BACKGROUND
          Early in the morning of July 8, 2001, Opheylea Nguyen was gathering her
belongings from her car, which was parked in the driveway outside of her house. As
she sat in the car, she looked into the rear view mirror and saw appellant approaching. 
Nguyen also saw someone approaching her car on the passenger’s side. She
attempted to lock the driver’s side door, but, before she could do so, appellant opened
the door and pointed a handgun at her head. He threatened to shoot her if she
screamed. Appellant told Nguyen to get out of the car and lie on the ground. Nguyen
testified that another person was tapping on the passenger side window of her car
with a baseball bat and that she could see a third person with a gun running in front
of her car. Nguyen got out of her car and lay on her stomach, but tilted her head
upward so she was able to see what was happening. The area around her car was well
lit and Nguyen was able to see the faces of her assailants and noted that appellant had
tattoos. They took her cell phone, got into their vehicle, and drove off. Nguyen
memorized their license plate number and ran into her house to write it down. She
then called the police.
          On July 19, Raymond Berger, a plainclothes officer with the Houston Police
Department, saw a car with the license plate reported by Nguyen. He asked officers
in marked units to pull the car over for a traffic violation. After the car was pulled
over, the two people in the car were detained and taken to the robbery division of the
Houston Police Department. Berger identified appellant as a passenger in the car and
Maria Delapas, appellant’s girlfriend, as the owner of the car and the driver at the
time of the stop.
          Sergeant Anthony Jammer, a detective in the Houston Police Department’s
robbery division, interviewed appellant. Jammer testified that he gave appellant his
Miranda


 warnings and that appellant waived his rights. Appellant then confessed
to robbing Nguyen, stating that two of his friends, Martin Garcia and Jesse Guerrero,
were also present, but were not involved in the robbery and that Delapas was present
but not involved. The confession was videotaped. Appellant also stated that he had
used a shotgun in the robbery. Jammer testified that, although appellant’s confession
had some inconsistencies when compared to Nguyen’s description of the robbery, he
believed that the versions were generally consistent. Appellant testified at trial that
his confession was coerced by threats against Delapas and her child and that Jammer
told him what to say in his confession, including that he had a shotgun and the names
of his accomplices. He further stated that he was innocent and had only made the
statement because of his concern for Delapas and her child. 
          The police did not recover any forensic evidence from Nguyen’s car. Her cell
phone was not recovered. Nguyen identified appellant in a live lineup as one of the
men who robbed her. She also identified appellant at trial. Appellant’s sister, Susan
Valdez, testified that appellant was watching movies with her until 2:00 a.m. on July
8. She also testified that appellant did not have tattoos on his lower arms until after
July.
DISCUSSION
          Appellant asserts that (1) the evidence was factually insufficient to support his
conviction, (2) his custodial statement was improperly admitted before the jury and
was the result of coercion, and (3) the trial court improperly admitted evidence of an
extraneous offense before the jury during the guilt-innocence phase of the trial.
Factual SufficiencyIn his first point of error, appellant argues that the evidence was factually
insufficient to support his conviction because (1) Nguyen’s identification did not
mention his facial birthmark or specify where the tattoos were on his body, (2) there
was no physical or forensic evidence linking him to the crime, (3) appellant had an
alibi witness, and (4) there were differences between appellant’s allegedly coerced
confession and Nguyen’s testimony. 
          In reviewing the evidence on factual sufficiency grounds, all of the evidence
as a whole must be reviewed, and not only in the light most favorable to the
prosecution. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The
Court of Criminal Appeals has recently clarified the standard:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard.

Zuniga v. State, No. 539-02, slip op. at 8, 2004 WL 840786 at 5 (Tex. Crim. App.
Apr. 21, 2004). In a factual sufficiency review, the appellate court should not
substitute its own judgment for that of the fact finder. Jones v. State, 944 S.W.2d
642, 648 (Tex. Crim. App. 1996).
          Nguyen testified that she was able to look at the faces of the men robbing her. 
Her driveway was well lit and, although her assailants attempted to hide their faces,
she was able to take a good look at the three people around her car. Nguyen also took
down the license plate number of the car in which her assailants left. Appellant was
a passenger in a car with that license number when he was detained. Nguyen
identified appellant in a live lineup and at trial as one of the men who robbed her. 
Although appellant did show his birthmark to the jury at trial, the record contains no
description of the birthmark or any indication that the birthmark would be noticeable. 
Nguyen did testify that appellant had tattoos. She was not asked to describe the
tattoos’ locations on appellant’s body, nor was she asked to describe the tattoos or
identify them on appellant.
          The alibi testimony, the lack of physical or forensic evidence, and the
differences between appellant’s confession and Nguyen’s testimony are all factors for
the jury to consider in weighing the evidence. A jury decision is not manifestly
unjust merely because the jury resolved conflicting views of evidence in favor of the
State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997). After reviewing
all of the evidence, we hold that the verdict is not clearly wrong or unjust. See
Johnson, 23 S.W.3d at 11. 
          We overrule appellant’s first point of error.
 
 
Admission of Confession
          In his second point of error, appellant argues that the trial court erred in
denying his motion to suppress his custodial statement because it was the result of
coercion. During the hearing on the motion to suppress, appellant testified that, when
Jammer read him his rights and asked him if he wanted to make any statements, he
said no and asked to go back to his cell. Appellant stated that Jammer then told him
that Nguyen had already picked him out of the lineup, that he was already a suspect,
and that the police would prove that he had done it. Appellant testified that he again
stated that he wished to go back to his cell. Appellant claims that Jammer then told
him that, if he did not confess, Delapas would be charged with a crime and her child
would be taken away. Appellant stated that, due to this concern, he agreed to make
a videotaped confession.
          Jammer testified that he began his conversation with appellant by informing
him that Delapas had implicated him in a series of robberies. Jammer also told
appellant about the cases that he was going to talk to him about and what the effect
would be if appellant did not cooperate. Jammer said he did not tell appellant that
anything could happen to Delapas’s child if appellant did not cooperate or that
Delapas would be charged if appellant did not confess. Jammer testified that he told
appellant that, if Delapas were identified, she would be charged with the case. 
          A confession is admissible if the confession was freely and voluntarily made. 
 Tex. Code Crim. Proc. Ann. art. 38.21 (Vernon 2003). At a hearing to suppress
evidence, the trial court is the sole judge of the weight and credibility of the evidence;
the trial court’s finding may not be disturbed on appeal absent a clear abuse of
discretion. Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993). In
reviewing the voluntariness of a confession, an appellate court gives almost total
deference to the trial court’s determination of historical facts. State v. Ross, 32
S.W.3d 853, 856 (Tex. Crim. App. 2000). Before we can determine that appellant’s
confession was involuntary, we must conclude that appellant was unable to make an
independent, informed choice of free will at the time the confessions were made. See
Jones v. State, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996). 
          Jammer testified that appellant did not appear to be under the influence of
drugs or alcohol at the time he gave his statement. At the beginning of the interview,
Jammer read appellant his Miranda rights, and appellant waived those rights. Jammer
testified that, before appellant made his videotaped statement, he again read appellant
his Miranda rights, and appellant waived them for a second time. Although appellant
testified that Jammer told him that Delapas would be charged and her child taken
away if he did not make a statement, Jammer denied making these statements or
otherwise coercing appellant. Giving almost total deference to the trial court’s
determination of these facts, we find no abuse of discretion in its finding that the
confession was voluntary. 
          We overrule appellant’s second point of error.
Admission of Extraneous Offense
          In his third point of error, appellant argues that the trial court erred in
admitting, over objection, evidence of an extraneous offense during the guilt-innocence phase of trial. Appellant asserts that the trial court should not have
allowed the cross-examination of appellant regarding a second robbery in which he
used a shotgun. 
          Appellant, during direct examination about his statement, testified that Jammer
told him to say that he used a shotgun in the robbery. Nguyen, who had testified
previously, stated that appellant had pointed a handgun at her. The State argued that
appellant’s alibi, his claim of innocence, and his claim that his confession was
coerced made his statement that Jammer told him about the shotgun misleading, since
a shotgun had been used in previous robberies to which appellant had also confessed.
Therefore, the State asserted, appellant had opened the door to admission of other
crimes that were in reasonable proximity in time and detail to the current offense.          A trial court’s decision to admit or exclude evidence is reviewed for an abuse
of discretion. Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990). 
Evidence that is otherwise inadmissible may be admitted to correct a false impression
left by the questioning of a witness. Wheeler v. State, 67 S.W.3d 879, 885 (Tex.
Crim. App. 2002). In doing so, the opposing party is entitled to bring in evidence of
the witness’s specific instances of conduct. Ramirez v. State, 802 S.W.2d 674, 675-76 (Tex. Crim. App. 1990).
          In the present case, appellant’s testimony that Jammer told him to say that he
had a shotgun in this crime, when considered with his claims of innocence and his
previous testimony regarding coercion and the reason for his custodial statement,
were potentially misleading to the jury in light of Nguyen’s testimony that appellant
had a handgun. The trial court could have reasonably believed that the introduction
of evidence of one of appellant’s previous crimes served to clear up the impression
that Jammer told appellant to say that a shotgun was used in the robbery at issue by
showing that appellant confessed to a separate robbery in which he had used a
shotgun at the same time that he confessed to robbing Nguyen. Therefore, we find
no abuse of discretion on the part of the trial court. 
          We overrule appellant’s third point of error.
 
 
 
CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).