IN THE
TENTH COURT OF APPEALS
No. 10-08-00305-CR


JAMES TIPPETT,

                                                            Appellant

 v.

THE STATE OF TEXAS,

                                                            Appellee

_____

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. 31154-CR**

## MEMORANDUM OPINION

A jury found Appellant James Tippett guilty of indecency with a child and assessed a fifteen-year prison sentence and $5,000 fine.  In this appeal, he raises two issues.  We will affirm.

Tippett's first issue asserts that the evidence is factually insufficient.  In a factual sufficiency review, we ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the factfinder's verdict clearly wrong and manifestly

unjust. *Watson v.* State, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "The court reviews the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact." *Johnson*, 23 S.W.3d at 7 (quoting *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)). The appellate court "does not indulge in inferences or confine its view to evidence favoring one side of the case. Rather, it looks at all the evidence on both sides and then makes a predominantly intuitive judgment. . . ." *Id.* (quoting William Powers and Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 TEXAS L. REV. 515, 519 (1991)). The nature of a factual sufficiency review authorizes an appellate court, although to a very limited degree, to act as the so-called "thirteenth juror" to review the factfinder's weighing of the evidence and disagree with the factfinder's determination. *Watson*, 204 S.W.3d at 416-17.

A person commits the offense of indecency with a child "if, with a child younger than 17 years, . . . the person . . . engages in sexual contact with the child or causes the child to engage in sexual contact." TEX. PEN. CODE ANN. § 21.11(a)(1) (Vernon 2003) (current version at *id.* (Vernon Supp. 2009)). Tippett was charged by indictment with one count of indecency with a child by engaging in sexual contact with A. by touching her genitals.

The victim, Tippett's former stepdaughter, was fourteen years of age when the events in question occurred. She testified that Tippett touched her genitals with his hand while she was riding in his truck. A minor complainant's testimony alone is

sufficient to support a conviction for indecency with a child.  *See Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet ref'd).  Tippett argues, however, that various aspects of A.'s testimony reflect inconsistencies and contradictions that render the evidence factually insufficient.  For example, on the occasion in the truck, A. initially denied that Tippett had exposed himself, but after a break (during which A. said no one discussed her testimony with her), she testified that he had done so but she initially had not remembered.  Tippett also complains that there are inconsistencies between A.'s version and the versions recounted by A.'s mother, an aunt (Susie Jackson), and a friend, who testified as outcry witnesses.

The State acknowledges the inconsistencies and conflicts but also points out the consistencies and highlights evidence that corroborates key parts of A.'s testimony, including that Tippett showed A. pictures of nude adults and talked to her about sex and that Tippett showed A. and A's friend a pornographic video.

The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the witnesses' testimony.  *Jaggers v. State*, 125 S.W.3d 661, 670 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (citing *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981)).  The jury may believe all, some, or none of any witness's testimony.  *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Jaggers*, 125 S.W.3d at 670.

The jury was faced with some conflicting evidence.  As the reviewing court, we "should not substantially intrude upon the jury's role as the sole judge of the weight

and credibility of witness testimony." *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); *see also Sharp,* 707 S.W.2d at 614; *Jaggers,* 125 S.W.3d at 670.

> The degree of deference a reviewing court provides must be proportionate with the facts it can accurately glean from the trial record. A factual sufficiency analysis can consider only those few matters bearing on credibility that can be fully determined from a cold appellate record. Such an approach occasionally permits some credibility assessment but usually requires deference to the jury's conclusion based on matters beyond the scope of the appellate court's legitimate concern. *See* GEORGE E. DIX & ROBERT O. DAWSON, 42 TEXAS PRACTICE—CRIMINAL PRACTICE AND PROCEDURE § 36.69 (Supp. 1999). Unless the available record clearly reveals a different result is appropriate, an appellate court must defer to the jury's determination concerning what weight to give contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.

*Johnson,* 23 S.W.3d at 8.

We must defer to the jury's determination concerning what weight to give contradictory or conflicting testimonial evidence. *See, e.g., In re A.B.,* 133 S.W.3d 869, 873-74 (Tex. App.—Dallas 2004, no pet.); *Scugoza v. State,* 949 S.W.2d 360, 362-63 (Tex. App.—San Antonio 1997, no pet.); *Fetterolf v. State,* 782 S.W.2d 927, 933 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd); *see also Johnson,* 23 S.W.3d at 7-8. Considering all of the evidence in a neutral light, we find that the jury was justified in finding Tippett guilty. Issue one is overruled.

Tippett's second issue asserts that the trial court erred in excluding from evidence the fact that the outcry witness's (Jackson's) parental rights to her three children had been terminated. Jackson testified that she had two felony convictions for which she had served concurrent prison sentences. She said that she had three children,

and on cross-examination, Tippett established that she did not have custody of them. Tippett sought to elicit testimony from her that she did not have custody because her parental rights had been terminated. The trial court excluded that evidence.

We review a trial court's admission or exclusion of evidence for abuse of discretion. *McDonald v. State,* 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Moreno v. State,* 858 S.W.2d 453, 463 (Tex. Crim. App. 1993); *see also Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).

Tippett argues that by testifying she had three children, Jackson was able to create a false impression that "opened the door" for Tippett to show her parental rights had been terminated. The general rule is that a party is not entitled to impeach a witness on a collateral matter. *Ramirez v. State*, 802 S.W.2d 674, 675 (Tex. Crim. App. 1990). The test as to whether a matter is collateral is whether the cross-examining party would be entitled to prove it as a part of his case tending to establish his plea. *Id*. An exception exists: "[w]hen a witness leaves a false impression concerning a matter relating to his or her credibility, the opposing party is allowed to correct that false impression." *Id*. at 676. In this case, the trial court allowed Tippett to correct any false impression by letting him elicit during cross-examination the fact that Jackson did not have custody of her children. The trial court did not abuse its discretion in excluding evidence of the termination of Jackson's parental rights. *See Hammer v. State,* 296 S.W.3d

555, 563 (Tex. Crim. App. 2009) (citing Texas Rule of Evidence 608(b)).  We overrule issue two.

We affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed August 4, 2010
Do not publish
[CR25]