Affirmed and Memorandum Opinion filed October 19, 2010.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00550-CR



 

Ernest Eugene Howard, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 1190594



 

MEMORANDUM OPINION

 

Appellant, Ernest Eugene Howard, appeals from his
conviction for possession of cocaine in an amount of less than one gram.  A
jury found him guilty, found two enhancement allegations to be true, and
assessed punishment at 18 years’ incarceration.  In two issues, appellant
contends that the trial court erred in (1) denying his motion to suppress
certain evidence, and (2) sustaining the State’s objection to certain other evidence. 
We affirm.

Background

At trial, Houston Police Officer Kirk Milton
testified that on November 6, 2008, he was patrolling in an unmarked police
vehicle with Sergeant Cullen Bean.  While circling around a Shell gas station,
known as a center for prostitution, Milton observed appellant come out of the
store, pour wine into a Styrofoam cup, and drink it.  According to Milton, the
station was a “non-premise property,” meaning that it did not “have a license
for people to stand outside and drink.”  Milton further explained that it was a
violation of law to consume alcohol on non-premise property.

The two officers approached appellant, identified
themselves, and detained him.  While conducting a “pat-down” search of
appellant incident to arresting him for the alcohol consumption violation, the
officers discovered a glass pipe in each of his front pants pockets.  Milton explained
that such pipes are used by some drug users to smoke crack cocaine.  The pipes
were subsequently submitted for testing, and an analyst with the Houston Police
Department Crime Laboratory testified that residue in the pipes tested positive
for cocaine.  Officer Milton further testified that around the same time as appellant’s
arrest, another man was arrested at the gas station for public intoxication.

During cross-examination by appellant, acting pro se,
Milton acknowledged that he could present no evidence that appellant was
consuming alcohol on the store’s premises except Milton’s own testimony. 
Specifically, Milton acknowledged that he had not preserved either the
Styrofoam cup, the bottle of wine, or the wine itself as evidence.  He
explained, however, that having found the glass pipes on appellant (possession
of which could be a felony offense if they were found to contain cocaine), he
felt that there was no need to preserve the evidence pertaining to the lesser (misdemeanor)
charge of consuming alcohol on non-premise property.  Appellant further
questioned Milton regarding the charges against the other man arrested at the
gas station.  Milton again specifically indicated that the individual was arrested
for public intoxication.

Appellant then attempted to introduce into evidence a
complaint, along with some booking information, filed by Sergeant Bean
allegedly against the other man arrested at the scene of appellant’s arrest. 
The complaint apparently charged the man with “transporting a prostitute to an
area for profit.”[1] 
During a conference outside of the jury’s presence, the trial judge stressed
that the complaint was not filed by Officer Milton.  The State then objected to
the proffered evidence on the grounds of “hearsay, relevance and improper
predicate.”  The trial court sustained the objection.

Prior to trial, appellant’s then counsel filed a
motion to suppress any evidence pertaining to the glass pipes.  In the motion,
counsel stated only very generally that appellant was unlawfully detained and
arrested without a warrant.  The court carried the motion with the case and
held a hearing outside the presence of the jury after the State rested.  During
the hearing, the State re-offered all of the evidence that had been admitted up
to that point in the trial.  Appellant then asserted that the State should have
had “something in writing” like the “charge or the ticket or the complaint”
regarding the consumption of alcohol offense to support the claim of probable
cause to arrest.  He further emphasized that Officer Milton did not see him
with the glass pipes prior to arresting him; Milton only allegedly saw him
drinking.  According to appellant, in order to support the claim of probable
cause based on the alcohol consumption observation, Milton needed to have
charged appellant with consuming alcohol on non-premise property.  The trial
court denied the motion to suppress.

In his case-in-chief, appellant called only one
witness, Kevin Bernard Davis, who testified that he saw and spoke to appellant
at the gas station the night appellant was arrested.  According to Davis,
appellant exited the store, left the premises, and did not stand around on the
premises drinking anything.  Davis then saw two undercover police officers approach
appellant.  He said that appellant was holding a bag when he left the store,
but Davis could not tell what was in the bag.

At the conclusion of the trial, the jury found
appellant guilty, found two enhancement allegations true as instructed by the
court, and assessed punishment at 18 years in prison.  Appellant now attacks
the trial court’s rulings on the motion to suppress and on the admissibility of
the evidence pertaining to the other individual arrested that night.

Motion to Suppress

In his first issue, appellant contends that the trial
court erred in denying his motion to suppress evidence relating to the two glass
pipes allegedly found on his person.  Specifically, appellant asserts that
Officer Milton lacked probable cause for the alcohol consumption offense, and
thus, the warrantless arrest and search of appellant violated the Fourth
Amendment to the United States Constitution and Article I, section 9 of the
Texas Constitution.  U.S. Const. amend. IV; Tex. Const. art. I, § 9.[2] 
When a defendant seeks to suppress evidence on
the basis of a Fourth Amendment violation, the burden of proof is initially on
the defendant, but once the defendant produces evidence defeating the general presumption
of proper police conduct, the burden of proof shifts to the State.  Russell
v. State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986).  A defendant fulfills the
initial burden of proof by establishing that a search or seizure occurred
without a warrant.  Id.  Here, it was clear from Officer Milton’s
testimony that a search and seizure occurred and that no warrant was obtained. 
Accordingly, the burden shifted to the State to demonstrate the validity of the
search and seizure.  The trial court found that the State met that burden.

We review a trial
court’s ruling on a motion to
suppress evidence under an abuse-of-discretion
standard.  Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).  We view the evidence adduced at a suppression
hearing in the light most favorable to the trial court’s ruling.  Wiede v. State, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007).  At such a hearing, the trial court is the sole
finder of fact and is therefore entitled to believe or disbelieve any or all of
the testimony presented.  Id. at 24-25.  We give almost
total deference to the trial court’s determination of
historical facts that depend on an assessment of witness credibility or demeanor, but review de novo the trial court’s
application of the law to the facts if resolution of those ultimate questions
does not turn on an evaluation of credibility or demeanor.  See Guzman, 955 S.W.2d at 89. 

In his brief, appellant suggests that Milton’s
testimony alone was not sufficient to prove that appellant was drinking on the
gas station premises.   He further asserts that there was no evidence that the
gas station in question held an off-premise permit or that it displayed the
sign, required by law, warning against consuming alcohol on the premises.  However,
in the trial court, appellant argued only that in order to support the claim of
probable cause, based on the consumption of alcohol offense, the State needed
“something in writing” like the “charge or the ticket or the complaint.”  He
further emphasized that Officer Milton did not see him with the glass pipes
prior to arresting him; Milton only allegedly saw him drinking.  Because
appellant’s arguments on appeal do not comport with the arguments he made in
the trial court, his appellate arguments were not preserved.  See, e.g.,
Rice v. State, 195 S.W.3d 876, 882 (Tex. App.—Dallas 2006, pet. ref’d)
(finding suppression of evidence arguments were not preserved where arguments
on appeal did not comport with those made in the trial court).

Furthermore, even if they had been preserved,
appellant’s arguments are without merit.  “‘Probable cause’ for a warrantless
arrest exists if, at the moment the arrest is made, the facts and circumstances
within the arresting officer’s knowledge and of which he has reasonably
trustworthy information are sufficient to warrant a prudent man in believing
that the person arrested had committed or was committing an offense.”  Amador
v. State, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).  The test uses an
objective standard, taking into account the totality of the circumstances
facing the arresting officer, and does not depend on the officer’s subjective
beliefs.  Id.  Probable cause requires greater proof than just the
officer’s bare suspicion but less than that required to sustain a conviction.  Id.

As the sole judge of the credibility of the
witnesses, the trial judge was entitled to believe Milton’s testimony that he
observed appellant drinking alcohol on the gas station premises, even in the
absence of corroborating evidence.  See Wiede, 214 S.W.3d at 24-25; see
also State v. Steelman, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002) (“An
offense is deemed to have occurred within the presence or view of an officer
when any of his senses afford him an awareness of its occurrence.”).  Additionally,
although the State did not provide the gas station’s liquor license, Milton
testified that (1) he had worked in the vice division of the police department
for several years, during which his duties had included enforcing liquor
ordinances and checking liquor licenses, including, specifically, at stores
like the gas station where appellant was arrested; (2) he knew that the station
was a non-premise property and that it did not have a license “for people to
stand outside and drink”; and (3) he saw appellant exit the store and then pour
wine in a cup and drink it on the gas station premises.  This testimony, in both
its express information and its inferences, is sufficient for the trial court
to conclude that probable cause existed for the liquor consumption violation.  Specifically,
given Milton’s expressed experience enforcing and knowledge about liquor laws,
his observation that appellant exited the gas station with a wine bottle presumably
purchased in the store and drank said wine on the premises, we cannot say that
the trial court erred in overruling the motion to suppress, even in the absence
of the gas station’s actual liquor license.

Lastly, concerning the lack of evidence that the gas
station displayed a sign warning about consumption of alcohol on the premises, appellant
provides no argument or analysis as to how this impacts the probable cause determination. 
We decline to speculate on whether it does.  We overrule appellant’s first
issue.

Impeachment Evidence

            In his second
issue, appellant contends that the trial court erred in sustaining the State’s
objection when appellant offered the ticket and booking information pertaining
to the other individual arrested on the night and at the location where
appellant was arrested.  Among other sustained objections, the State urged
relevance as a ground for exclusion of the evidence.  According to appellant,
the evidence in question was relevant because it raised questions about Officer
Milton’s credibility regarding the events of that evening:  Milton testified
that the other man was arrested for public intoxication; whereas, the ticket
and booking information demonstrated that he was instead charged with transporting
a prostitute for profit.[3]

We review a trial court’s ruling on the admissibility
of evidence under an abuse of discretion standard.  McCarty v. State,
257 S.W.3d 238, 239 (Tex. Crim. App. 2008).  “‘Relevant evidence’ means
evidence having any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable
than it would be without the evidence.”  Tex. R. Evid. 401.  All relevant
evidence is admissible except as provided by Constitution, statute, or court
rules.  Tex. R. Evid. 402.  “Evidence which is not relevant is inadmissible.”  Id.

Generally, a party is not entitled to impeach a
witness on a collateral matter.  Ramirez v. State, 802 S.W.2d 674, 675
(Tex. Crim. App. 1990).  A collateral matter is one that is not relevant to
proving a material issue in the case.  See id.  “The test as to whether
a matter is collateral is whether the cross-examining party would be entitled
to prove it as a part of his case tending to establish his plea.”  Id.
(quoting Bates v. State, 587 S.W.2d 121, 133 (Tex. Crim. App. 1979)). 
Here, appellant provides no argument for the relevance of the excluded evidence—the
complaint and booking information for the other arrested individual—to the
issues in this case, other than asserting that such evidence allegedly
impeaches Milton’s testimony regarding the basis for another person’s arrest that
night.  This is exactly the type of impeachment on a collateral matter
prohibited by Ramirez.[4] 
The evidence was not relevant to issues in this case, and therefore, the trial
court did not err in excluding the evidence.  We overrule appellant’s second
issue.

The trial court’s judgment is affirmed.








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice
Hedges and Justices Yates and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Although the complaint and booking information do not appear in the record,
their contents were described in detail during a conference before the bench.





[2]
Appellant does not assert that article I, section 9 provides him any greater
protection than does the federal constitution; accordingly, we will not
separately address his rights under the Texas Constitution.





[3]
In discussing the proffered evidence with appellant and the prosecutor, the
trial judge pointed out that the complaint and booking information were not
prepared by Milton; thus, they did not directly refute his testimony that he
believed the other individual was arrested for public intoxication and not a
prostitution-related offense.





[4]
As explained in Ramirez, there is an exception to the general rule
permitting impeachment on a collateral matter when the witness has left a false
impression concerning a matter relating to his or her credibility.  802 S.W.2d
at 676.  In short, the opposing party may impeach the witness to the extent
necessary to correct the false impression.  Id.  Appellant does not
point to, and we do not discern, any place in Milton’s testimony where he left
a false impression regarding his credibility that the excluded evidence could
have corrected.  Consequently, the exception to the general rule does not apply
in this case.