Nancy ZEMEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–93–0879–CR.

Court of Appeals of Texas, Houston (14 Dist.).

Nov. 30, 1995.

---

Anthony Osso, Houston, for appellant.

Karen A. Clark, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

FOWLER, Justice.

Appellant was charged with the offense of public lewdness. TEX.PENAL CODE ANN. § 21.07(a)(3) (Vernon 1989).[1] She entered a

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the

plea of not guilty. The jury convicted her and assessed punishment at one year probation and a $700.00 fine. Appellant brings five points of error contending the trial court erred because it (1) permitted the State to cross-examine appellant on an unrelated prejudicial matter; (2) allowed the State to bolster a witness; (3) denied the appellant the right to confront and cross-examine the State's chief witness on a collateral matter; and (4) allowed the State to engage in an improper jury argument. Appellant also alleges that the cumulative effect of the instances of misconduct requires reversal. We find no error by the trial court and therefore affirm.

On November 12, 1992, appellant was employed as a dancer at Lipstick Cabaret. Three vice officers in the Houston Police Department (HPD) were investigating potential illegal activity at the club. After ordering several rounds of drinks, the officers invited appellant to their table. She offered to "dance" for Officer Loftin. Loftin testified at trial that during her dance, appellant made physical contact with him. This contact led to her arrest.[2]

■ In her first point of error, appellant asserts that the trial court improperly allowed the State to cross-examine appellant concerning her tax return.[3] The prosecutor asked only one question pertaining to appellant's tax return, which appellant did not answer. The prosecutor did not repeat the question.

■ Appellant asks us to find that the mere asking of a question constitutes reversible error. For a prosecutor's question to mandate reversal of a verdict, the ques-tion must be obviously harmful to the defendant. *Ransom v. State*, 789 S.W.2d 572, 585 (Tex.Crim.App.1989), *cert. denied*, 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990); *Sensabaugh v. State*, 426 S.W.2d 224, 227 (Tex.Crim.App.1968). The Court of Criminal Appeals has stated, "[t]his Court rarely reverses a conviction due to an improper question being asked by the prosecutor." *Ransom*, 789 S.W.2d at 585.

Appellant contends the question itself was intended to make the jury believe that appellant "cheated on her income tax return." She characterizes the case as a swearing match between Officer Loftin and appellant. Further, appellant claims the State's question impermissibly attacked appellant's credibility by suggesting that appellant failed to report all of her income to the I.R.S. We disagree.

We do not believe the question would make the jury believe appellant cheated on her taxes. It is the open and obvious suggestion that may require reversal. This is not such a question. *See Ransom*, 789 S.W.2d at 585; *see also, Clark v. State*, 500 S.W.2d 469, 471 (Tex.Crim.App.1973). Therefore, we find no reversible error. Appellant's first point of error is overruled.

■ In her second point of error, appellant complains of Officer Shaver's testimony about an award of commendation he recently received. When the prosecutor asked Shaver if he had received any awards for his work in the vice division, defense counsel objected to the testimony as not relevant. The prosecutor countered the objection by arguing that the testimony would prove Shaver's credibility. In response to *this* statement, defense

---

effective date of the penal code revision. *See* Acts 1993, 73rd Leg., ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

2. The arrest did not occur quite as quickly as it appears from the facts. The three officers were in the club for one to one-half hours and spent approximately $600 before they made their single arrest for the evening.

3. [Prosecutor] Q: So, 400 dances a month at $20 a pop, that's about $8,000 a month you could get—that you were getting?

A: Well, I wouldn't say $8,000.
Q: Six thousand?
A: I mean, I don't know. I don't know.
Q: You don't know how much you were making a month?
Q: Didn't you report it on your tax return?
Mr. Osso: Hold on now. I'm going to object. She is not under investigation with the I.R.S., your Honor.
The Court: I'll overrule your objection.
Q: Do you know or not? If you don't know, just say I don't know.
A. I don't know, I don't know. I don't keep track. It's not like I work every day.

counsel claimed he had not attacked Shaver's credibility and argued the prosecutor was improperly attempting to rehabilitate Shaver. The judge overruled the objection. Shaver then told the jury about the award he and Loftin received for an investigation of a topless club. During Shaver's testimony, defense counsel restated his relevancy objection. The judge once again overruled it.

Appellant claims that, by introducing the award testimony, the State bolstered Officer Loftin's unimpeached testimony. To properly preserve an issue for appellate review, counsel must make a timely objection stating specific grounds for the ruling desired from the trial judge. Tex.R.App.P. 52(a). The point raised on appeal must comport with the trial objection. *Id.* An objection stating one legal theory may not be used to support a different legal theory on appeal. *Rezac v. State,* 782 S.W.2d 869, 870 (Tex. Crim.App.1990).

Appellant's trial objection does not comport with her point on appeal. When Shaver first mentioned the award, appellant objected on the basis of relevancy. After the prosecutor argued the testimony was pertinent to Shaver's credibility, appellant objected that the prosecutor was trying to *"rehabilitate"* Shaver when his credibility had not been attacked. At the conclusion of Shaver's award testimony, appellant again objected on the basis of relevancy, *not* bolstering or rehabilitation. In fact, the first time appellant used the word "bolstering" was in her appellate brief. Appellant waived any bolstering objection she may have had.[4] We overrule appellant's second point of error.

In her third point of error, appellant claims the trial court denied defense counsel the right to impeach the State's witness about prostitution cases connected with Lipstick. This point concerns testimony Shaver and Loftin gave on direct examination about

prostitution and/or public lewdness cases they had "made" at Lipstick. Defense counsel believed that this testimony, along with the earlier testimony about the awards, made the jury believe first, that Shaver and Loftin had arrested others at Lipstick for engaging in prostitution and second, that the officers were infallible. To neutralize this impression, counsel tried to introduce evidence that (i) the police made only one prostitution case at Lipstick, and (ii) this case was dismissed. Appellant claims that when the trial judge refused to let in this evidence he denied her state and federal rights to cross-examine and impeach a witness. However, we perceive the matter differently.

The information appellant wanted to get before the jury was collateral and irrelevant to the main issue at trial. A party is not entitled to impeach a witness on a collateral matter. *Ramirez v. State,* 802 S.W.2d 674, 675 (Tex.Crim.App.1990); *see also, Rische v. State,* 834 S.W.2d 942, 946 (Tex. App.—Houston [1st. Dist.] 1992, pet. ref'd); *Polvado v. State,* 689 S.W.2d 945, 949–950 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd).

Evidence is collateral if the party using the evidence for impeachment of a witness would not be entitled to introduce the evidence as part of their case to establish their plea. *Ramirez,* 802 S.W.2d at 675. For example, here, appellant would not be permitted on direct to show that only one prostitution case "was made" at Lipstick as a result of a particular investigation and that this case was dismissed, for the information neither proves nor disproves appellant's claim that *she* was innocent of the public lewdness charge. *Id.* We overrule appellant's third point of error.

Appellant's fourth point of error asserts the trial court erred in allowing the

---

4. Even if appellant *had* preserved a bolstering objection, the testimony did not constitute bolstering. First, it was not evidence the State improperly used to add credence to *earlier* unimpeached evidence the State had offered. *Valcarcel v. State,* 765 S.W.2d 412, 415 (Tex.Crim.App. 1989) (stating that if State's first witness gives testimony, the testimony does not fall within definition of bolstering). Second, each party may

present information about a witness's background that would enable the jury to evaluate the witness's credibility and assess the weight to be given their testimony. *Williams v. State,* 604 S.W.2d 146, 149 (Tex.Crim.App.1980); *Carrillo v. State,* 566 S.W.2d 902, 916 (Tex.Crim.App. 1978). The court was within its discretion to admit testimony as general background information.

State to make an improper jury argument during the guilt/innocence phase of the trial. Before error may be preserved for an improper jury argument, a defendant must pursue his objection until an adverse ruling is received. *Flores v. State,* 871 S.W.2d 714, 722 (Tex.Crim.App.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 313, 130 L.Ed.2d 276 (1994).

Appellant waived the alleged error because the trial court never ruled on the objection. Rather than ruling on the objection, the trial court merely said, "I'll let the jury decide the evidence as they heard it." This response does not constitute a ruling on the objection. *Reynolds v. State,* 848 S.W.2d 785, 790 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Appellant's fourth point of error is overruled.

In her last point of error, appellant contends the cited instances of prosecutorial misconduct cumulatively operated to deprive appellant of her constitutional right to a fair trial. We find no error by the trial court. We overrule appellant's fifth point of error.

Accordingly, we AFFIRM the judgment of the trial court.