Affirmed and Memorandum Opinion filed March 3, 2009








Affirmed
and Memorandum Opinion filed March 3, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00218-CR

_______________

 

DUWANE CHARLES SHACKELFORD, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 1103160 

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Following
a jury trial, appellant, Duwane Charles Shackelford, was convicted of sexual
assault and sentenced to nine years= confinement in the Texas Department
of Criminal Justice.  On appeal, appellant contends that the trial court (1)
violated his constitutional rights by imposing punishment without affording him
the opportunity to be heard, and (2) abused its discretion by admitting hearsay
and irrelevant information at trial.  We affirm.








                                                               BACKGROUND

On
October 14, 2006, the complainant presented to Houston Northwest Medical Center
and informed the triage nurse that she had been sexually assaulted by the
appellant.[1]  After an
investigation, appellant was arrested and charged with sexual assault.  See Tex.
Penal Code Ann. ' 22.011(a)(1)(A), (b)(1) (Vernon Supp. 2008).  The jury found
appellant guilty as charged, and the trial court sentenced appellant to nine
years= confinement in the Texas Department
of Criminal Justice.  Appellant timely brought this appeal, in which he
contends (1) his constitutional rights were violated, and (2) the trial court
erroneously allowed a sexual assault nurse examiner (ASANE nurse@)[2]
to testify to hearsay and other irrelevant matters.

                                                   CONSTITUTIONAL
RIGHTS

In his
first issue, appellant claims that his constitutional rights were violated
during the punishment phase of trial, when the trial court reportedly permitted
the bailiffCinstead of defense counselCto answer for him.  The original
reporter=s record recited the following
exchange:

THE COURT:            [D]oes the
State have anything else that it wishes to present?

MR. LOPER: No, Your Honor.

THE COURT:            Defense have
anything else it wishes to present?








THE BAILIFF:[3]       No, Your Honor.

In its brief, the State
responded that the statement at issue was uttered by appellant=s defense counsel, and not the
bailiff.  The official court reporter then produced a Asupplemental@ record, in which the statement in
question was in fact attributed to appellant=s trial counsel.  However, because
the parties did not inform us that they had agreed to correct the reporter=s record,[4]
out of an abundance of caution, we remanded the dispute to the trial court for
resolution.  See Tex. R. App. P. 34.6(e).  

On
February 4, 2009, the trial court found, after a hearing in which the court
reporter testified, that the statement should have been attributed to appellant=s trial counsel and that the original
reference to the bailiff was merely a typographical error.  The court reporter
has conformed the text of the reporter=s record to reflect that the statement
was made by appellant=s trial attorney.  See Tex. R. App. P. 34.6(e)(2). 
Therefore, we conclude that appellant=s constitutional right to counsel was
not violated during the punishment proceedings.  See U.S. Const. amend.
VI;   Tex. Const. art. I, ' 10.  Accordingly, we overrule appellant=s first issue, which was premised
upon an inaccuracy in the reporter=s record, as moot.         

                                                 EVIDENTIARY
CHALLENGES








During
her stay at Houston Northwest Medical Center, the complainant was seen by Linda
Mahoney, R.N., a SANE nurse who later testified at appellant=s trial.  Nurse Mahoney=s trial testimony is the subject of
appellant=s second through fourth issues on appeal.  Specifically, appellant contends
the trial court erred by permitting Nurse Mahoney to (1) relate the complainant=s hearsay statements made during the
sexual assault examination, (2) compare the complainant=s injuries to those sustained by a
different woman during an unrelated sexual assault, and (3) explain why she
provided her telephone number to law-enforcement personnel.

A.        Standard of Review

Generally,
we review a trial court=s admission or exclusion of evidence for an abuse of
discretion.  See Green v. State, 934 S.W.2d 92, 101B02 (Tex. Crim. App. 1996); Isenhower
v. State, 261 S.W.3d 168, 178 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 
We will not disturb a trial court=s evidentiary ruling unless it was so
clearly wrong as to lie outside the zone within which reasonable persons might
disagree.  See Hartis v. State, 183 S.W.3d 793, 801B02 (Tex. App.CHouston [14th Dist.] 2005, no pet.).

B.        Appellant=s Evidentiary Complaints

1.         AMedical Diagnosis or Treatment@ Hearsay Exception

In his
second issue, appellant contends the trial court improperly allowed Nurse
Mahoney to relate several hearsay statements that the complainant uttered
during the sexual assault examination.  Specifically, over appellant=s hearsay objection, the witness
testified that the complainant reported the following details of the assault:

She said she was out on a date with a man and he became aggressive and
pushed her down on the front seat of his truck and pulled down her pants,
pushing her panties to the side, vaginally assaulted her and ejaculating on her
panties.  And she denied any other injuries.

 

The State responds that
these statements were made for the purposes of medical diagnosis or treatment,
and therefore are admissible under Texas Rule of Evidence 803(4).








The
hearsay exception found in Rule 803(4) is based on the assumption the patient
understands that a proper diagnosis and effective medical treatment may depend
on the accuracy of the information she provides to health care givers.  See
Beheler v. State, 3 S.W.3d 182, 188 (Tex. App.CFort Worth 1999, pet. ref=d); Fleming v. State, 819
S.W.2d 237, 247 (Tex. App.CAustin 1991, pet. ref=d).  Therefore, the hearsay rule does
not exclude statements Amade for purposes of medical diagnosis or treatment and
describing medical history, or past or present symptoms, pain, or sensations,
or the inception or general character of the cause or external source thereof
insofar as reasonably pertinent to diagnosis or treatment.@  Tex. R. Evid. 803(4).

Generally,
appellant contends Nurse Mahoney was conducting a forensic examination to
collect evidence, and was not making a diagnosis or providing medical treatment
to the complainant.  In support, appellant notes that the nurse recorded the
complainant=s account on a document entitled ASexual Assault Examination Forensic
Report Form.@  The witness also acknowledged on cross-examination that, as a nurse,
she was not legally qualified or trained to provide a medical diagnosis and
that, in completing this form, she was simply collecting evidence.  These two
facts lead appellant to conclude that the complainant=s statements were not offered for
diagnostic or treatment purposes, and were therefore inadmissible.








According
to the Nursing Practice Act, one who practices Aprofessional nursing@ may not offer a medical diagnosis or
prescribe Atherapeutic or corrective measures.@  See Tex. Occ. Code Ann. ' 301.002(2) (Vernon 2004 & Supp.
2008).  Nevertheless, Texas appellate court have consistently affirmed that a
nurse=s testimony may satisfy the Rule
803(4) exception.  See In re M.M.L., 241 S.W.3d 546, 553 (Tex. App.CAmarillo 2006, pet. denied)
(surveying cases permitting nurses to testify about statements made by victim
during exam); Gregory v. State, 56 S.W.3d 164, 182B83 (Tex. App.CHouston [14th Dist.] 2001, pet. dism=d) (rejecting similar argument that,
because nurse could not provide medical diagnosis, victim=s statements did not qualify under
Rule 803(4)).   Thus, if the statement is made to another for the purpose of
medical diagnosis or treatment, the person to whom the statement is made need
not necessarily be legally qualified to offer a medical diagnosis.  See
Gregory, 56 S.W.3d at 183 (quoting Gohring v. State, 967 S.W.2d 459,
461 (Tex. App.CBeaumont 1998, no pet.)).

The
purpose of a sexual assault examination is to determine whether the complainant
has been sexually assaulted and to assess whether medical attention is
required.  See Beheler, 3 S.W.3d at 189.  Thus, statements during the
examination that describe sexual assault are pertinent to medical diagnosis and
treatment.  See id.  Similarly, Nurse Mahoney testified that she performed
a head-to-toe assessment of the complainant to Acheck for injuries [and] any signs
that she=s been hurt.@  She also measured the patient=s blood pressure, pulse, and
respirations, and documented those findings and the results of her assessment,
in the medical records.  Thus, although Nurse Mahoney was engaged in the dual
role of collecting evidence and providing medical service, we conclude that she
performed sufficient functions to bring her within the scope of Rule 803(4).  See
Hughbank v. State, 967 S.W.2d 940, 943 (Tex. App.CFort Worth 1998, no pet.); Torres
v. State, 807 S.W.2d 884, 887 (Tex. App.CCorpus Christi 1991, pet. ref=d).








In
addition, we note that this same informationCthat is, the complainant=s description of the assaultCwas admitted, without objection, on
at least two other occasions.  First, the medical records, which were admitted
into evidence, reflect that the complainant, upon presentation at the hospital,
gave a similar account to the triage nurse.[5] 
Second, the complainant later testified and described the assault in very
similar terms, with even more detail.  Because the complained-of evidence was
admitted elsewhere in the trial without objection, we find no reversible error 
in the admission of Nurse Mahoney=s testimony.[6] 
See Davis v. State, 516 S.W.2d 157, 162 (Tex. Crim. App. 1974); Duncan
v. State, 95 S.W.3d 669, 672 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).

Therefore,
we overrule appellant=s second issue.

2.         Relevancy of Extraneous
Incident

Appellant=s third issue also arises from Nurse
Mahoney=s testimony.  The witness testified
that, during the sexual assault examination, she discovered that the
complainant had suffered an internal vaginal laceration consistent with Aa very aggressive sexual assault.@  Nurse Mahoney further indicated
that, in the eighteen years in which she had performed sexual assault
examinations, she had seen a similar laceration only once before, in a case
involving a woman that Awas beaten very badly and raped with a beer bottle.@  Appellant objected to this evidence
as irrelevant.  On appeal, he also suggests that this evidence was Ahighly prejudicial.@  








However,
appellant has specifically limited his third issue to the admissibility of
Nurse Mahoney=s testimony under Rules 401 and 402 of the Texas Rules of Evidence.  In
his brief, appellant expressly acknowledges that he did not object to the
proffered evidence  under Rule 403 or otherwise request a balancing test,[7]
and the entirety of his argument on appeal is instead directed at admissibility
under Rules 401 and 402.  Therefore, we limit our review solely to determining
whether Nurse Mahoney=s testimony had any relevance to the issues contested at
trial.

Evidence
is relevant if it has any tendency to make the existence of any consequential
fact more or less probable than it would be without the evidence.  See Tex.
R. Evid. 401; Lopez v. State, 200 S.W.3d 246, 251 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d).  To be relevant, evidence must be
both materialCthat is, it must be offered for a proposition that is of consequence to
the determination of the caseCand probative, such that it makes the existence of the fact
more or less probable than it would otherwise be without the evidence.  See
Tennison v. State, 969 S.W.2d 578, 580 (Tex. App.CTexarkana 1998, no pet.).  

In other
words, proffered evidence, to be relevant, must only Ahave influence over a consequential
fact.@  Foster v. State, 909 S.W.2d
86, 88 (Tex. App.CHouston [14th Dist.] 1995, pet. ref=d).  Thus, relevant evidence need
not, by itself, prove or disprove a particular fact as long as it
provides at least a Asmall nudge@ toward proving or disproving a material fact.  See
Stewart v. State, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004).  

Appellant
was indicted for sexual assault, that is, intentionally or knowingly causing
the penetration of the complainant=s sexual organ without her consent,
by compelling her to submit or participate through the use of physical force or
violence.  See Tex. Penal Code Ann. ' 22.011(a)(1)(A), (b)(1) (Vernon
Supp. 2008).       During the investigation of the complainant=s sexual-assault allegations,
appellant met with law-enforcement officers.  In a voluntary written statement,
appellant claimed that he had engaged in consensual sexual contact with the
complainant; however, he denied penetrating the complainant=s vagina and insisted that he did not
force himself on her.  Evidence that would in any way tend to prove or disprove
penetration or the use of physical force or violence would therefore meet the Amateriality@ component of relevance.  See
generally id.








We also
conclude that the proffered evidence satisfies the Aprobative@ component, as well.  This evidence
tended to prove that appellant, using physical force or violence, penetrated
the complainant=s sexual organ.  Nurse Mahoney testified that the complainant
presented with a vaginal tear located at the introitus, an injury she believed
to be consistent with Aa very aggressive sexual assault@ caused by forced vaginal
penetration.  In over eighteen years of conducting sexual assault examinations,
the witness had seen only one other introital tear, which had been inflicted by
forceful penetration of the victim=s vagina.  Therefore, the witness=s testimony tended to prove that
introital lacerationsClike that suffered by the complainantCgenerally do not occur in the absence
of forceful vaginal penetration, which was a consequential fact for the jury=s determination.  Accordingly, the
trial court did not abuse its discretion by overruling appellant=s relevancy objection.[8] 


We
overrule appellant=s third issue.

3.         Bias of State=s Witness

On the
records documenting the findings from the sexual-assault examination, Nurse
Mahoney listed her name and home telephone number.  During direct examination,
she explained that she does not ordinarily provide her personal information to
law-enforcement personnel but that she wanted to ensure that she could be
easily contacted in the future.  The following exchange, which forms the basis
for appellant=s fourth issue, then occurred:

Prosecutor:                Why did you want to make
sure that you were contacted in this case?








Witness:                     BecauseC

Defense Counsel:      Objection, Your Honor. 
Relevance.

Trial Court:                It=s overruled.

Witness:                     Because I feel this young
lady was sexually assaulted and I wanted to make sure she got justice.

 

Appellant contends that
this testimony was irrelevant and that its admission affected his substantial
rights.[9]  See Tex.
R. App. P. 44.2(b).  We disagree.  Even were we to decide that Nurse Mahoney=s testimony was erroneously admitted,
the admission of her testimony was harmless.

Generally,
when a trial court=s ruling merely offends the rules of evidence, the erroneous
admission of evidence is nonconstitutional error governed by Texas Rule of
Appellate Procedure 44.2(b).  See Solomon v. State, 49 S.W.3d 356, 365
(Tex. Crim. App. 2001); Plouff v. State, 192 S.W.3d 213, 222 (Tex. App.CHouston [14th Dist.] 2006, no pet.). 
Under that rule, we are to disregard nonconstitutional errors that do not
affect a defendant=s substantial rights.  See Tex. R. App. P.
44.2(b); Plouff, 192 S.W.3d at 222.  Therefore, we may not overturn a
conviction upon a finding of nonconstitutional error unless we conclude, after
examining the record as a whole, that the error may have substantially
influenced the outcome of the proceeding.  See Burnett v. State, 88
S.W.3d 633, 637 (Tex. Crim. App. 2002) (citing Bank of Nova Scotia v. United
States, 487 U.S. 250, 256 (1988)).








After
reviewing the record as a whole, we conclude that the outcome was not
substantially influenced by the admission of the complained-of testimony.  The
record contains ample evidence, apart from Nurse Mahoney=s opinion that the complainant had
been sexually assaulted,[10] to permit
the jury to find appellant guilty of the charged crime.  

We also
conclude that appellant was not harmed when the witness candidly admitted that
her testimony, which was unfavorable to appellant, was motivated by the desire Ato make sure [the complainant] got
justice.@  See Virts v. State, 739
S.W.2d 25, 28B29 (Tex. Crim. App. 1987) (permitting examination of testifying State=s witness on any matter reflecting on
credibility, including bias, interest, or prejudice); Koehler v. State,
679 S.W.2d 6, 9 (Tex. Crim. App. 1984) (defining scope of cross-examination as
including any fact tending Ato show that a witness may shade his testimony for the
purpose of helping to establish one side of the cause only@).  

In fact,
during closing argument, appellant=s counsel explicitly asked the jury
to discount Nurse Mahoney=s credibility because, he contendedCciting this very testimonyCshe had strayed beyond her role of objectively
collecting evidence.  As defense counsel apparently recognized, then, evidence
of the witness=s possible bias here may have helped, not hurt, appellant=s defense.  See Lempar v. State,
191 S.W.3d 230, 237 (Tex. App.CSan Antonio 2005, pet. ref=d) (encouraging admission of evidence
that might reflect witness=s bias so that defendant might test Athe believability of a witness and
the truth of his or her testimony@).

Because
the trial court=s error, if any, of admitting Nurse Mahoney=s allegedly irrelevant testimony did
not affect appellant=s substantial rights, we overrule appellant=s fourth issue.

 








                                                    CONCLUSION

Finding
no error in the appellate record, we affirm the judgment of the trial court.

 

 

/s/        Kent C. Sullivan

Justice

 

 

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]           Resolution of this appeal requires us to
relate the graphic details of the alleged sexual assault.  We will limit our
discussion of those details, which are recited below, to only those facts
necessary to our disposition.





[2]           See 1 Tex. Admin. Code '' 61.802(5), 61.803 (2008).





[3]           Emphasis added.





[4]           We note that appellant is represented by
different counsel on appeal than at trial.  The record does not reflect whether
his appellate counsel, Nicole DeBorde, was present in the courtroom during the
punishment proceedings.





[5]           In the medical records, the triage nurse
recorded the patient=s chief complaint as follows:

 

Patient
states: was with a friend to celebrate birthday, was in back of truck and
friend started kissing me and I told him I didn=t want to have sex with him and he kept pushing me, I siad [sic]
no and stop several times and he kept on until he was penetrating inside of me.





[6]           Appellant asserts that Nurse Mahoney=s testimony improperly bolstered the complainant=s account of the sexual assault.  However, appellant
did not raise a bolstering objection during trial, and that objection is
therefore waived.  See Zemen v. State, 912 S.W.2d 363, 366 (Tex. App.CHouston [14th Dist.] 1995, no pet.); see also In re
Z.M.M., No. 01-06-00508-CV, 2008 WL 200289, at *1 (Tex. App.CHouston [1st Dist.] Jan. 24, 2008, no pet.) (mem. op.,
not designated for publication) (holding that hearsay objection lodged during
trial did not preserve bolstering argument on appeal).





[7]           See Bell v. State, 938 S.W.2d 35, 49
(Tex. Crim. App. 1996); Lopez v. State, 200 S.W.3d 246, 251 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d) (AA rule 403
objection is not implicitly contained in relevancy or 404(b) objections;
rather, a specific rule 403 objection must be raised to preserve error.@).  We do not hold, however, that a litigant must expressly
invoke ARule 403@ to
preserve error.





[8]           Appellant insists that the previous
incident carries no probative value here, because there is no suggestion that
he penetrated the complainant with a beer bottle.  However, the mere fact that
the previous victim=s injury was occasioned by forceful penetration was
probative, even if the specific mechanism of injury (i.e.,
the beer bottle) may not have been.  We also note that appellant did not ask
that the jury be instructed to disregard the nonresponsive Abeer bottle@
portion of the witness=s answer.  See Ridyolph v. State, 545 S.W.2d
784, 787 (Tex. Crim. App. 1977) (A[A]
prompt instruction to disregard a non-responsive answer is usually sufficient
to cure the error, if any.@); Munoz v.
State, 803 S.W.2d 755, 757 (Tex. App.CHouston
[14th Dist.]), pet. ref=d, 809 S.W.2d 501 (Tex. Crim.
App. 1991) (per curiam).





[9]           Appellant also invokes Rule 403, and
further complains that Nurse Mahoney improperly bolstered the complainant=s testimony.  Again, neither objection was raised at
trial; therefore, we decline to address them, either.  See Lopez, 200
S.W.3d at 251; Zemen, 912 S.W.2d at 366.





[10]         See Tex. R. Evid. 704 (ATestimony in the form of an opinion or inference
otherwise admissible is not objectionable because it embraces an ultimate issue
to be decided by the trier of fact.@); Zuniga
v. State, 811 S.W.2d 177, 181 (Tex. App.CSan
Antonio 1991, no pet.) (rejecting objection that testimony invaded province of
jury, in light of Rule 704).