

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00013-CR

**DALE RAY WEINBERGER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2008-331-C2

## MEMORANDUM OPINION

A jury found Dale Weinberger guilty of robbery and assessed a thirty-five-year prison sentence and a $9,000 fine. Raising ten issues, Weinberger appeals.

We begin with issues five and six, which assert, respectively, that the trial court erred in failing to submit an accomplice-witness instruction and that the corroborating evidence is insufficient to connect Weinberger to the offense. A person who participated in the same crime and who was later convicted of the offense under a plea agreement for his participation is an accomplice as a matter of law. *Brown v. State*, 270

S.W.3d 564, 567 (Tex. Crim. App. 2008). If a person is an accomplice as a matter of law, the court must so instruct the jury. *See Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004). If a defendant was entitled to an accomplice-witness instruction but it was not given, we will reverse the conviction only if the unobjected-to error caused "egregious" harm. *See Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002). Omission of an accomplice-witness instruction is harmless unless "corroborating (non-accomplice) evidence is 'so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive.'" *Id.*

A defendant cannot be convicted based on accomplice testimony unless it is corroborated. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005); *see also Cathey v. State*, 992 S.W.2d 460, 462 (Tex. Crim App. 1999). Corroboration is insufficient if it "merely shows the commission of the offense," but is sufficient if it tends to connect the defendant to the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14; *Brown*, 270 S.W.3d at 567. To evaluate the sufficiency of corroboration evidence, we eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime. *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). To meet the requirements of the rule, the corroborating evidence need not prove the defendant's guilt beyond a reasonable doubt by itself. *Id.* It is not necessary that corroborative evidence establish the defendant's guilt or "directly connect the defendant to the crime." *Cathey*, 992 S.W.2d at 462. Corroborative evidence may be "circumstantial or

direct." *Reed v. State*, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988). We view the evidence in the light most favorable to the jury's verdict. *Brown*, 270 S.W.3d at 567.

Evidence of the offense came from the testimony of a bystander and an accomplice and from a security camera that recorded high-speed photographs of the events. A person (Weinberger, as alleged by the State and as identified by the accomplice) entered Laquait Sohl's (Sohl died before trial) convenience store fifteen seconds before Dustin Albert did. Albert, the accomplice, smashed the glass on a coin-operated game and took money out of it. As Albert tried to leave, Sohl tried to stop him near the door by grabbing him. Melvin Simmons, the bystander, tried to help Sohl keep Albert in the store, and while they were all struggling near the door, Weinberger joined the scrum and pushed them out the door.

While Sohl and Simmons chased Albert, Weinberger returned inside, took money from the cash register, and left. He returned a second time to take money from a bag under the counter (a bag that Albert knew about because he had previously worked for Sohl). Sohl and Simmons caught Albert, and Simmons held him down until police arrived. Albert identified Weinberger on video to police as the other person, and he testified that it was Weinberger. Albert had pled guilty to the same offense, and he was awaiting sentencing. He testified that the State had offered him a seven-year sentence if he told the truth.

The State points to the following corroborating evidence:

- Simmons testified that he "thinks" Weinberger was the other person.

- The security video shows that the person had a tattoo on his upper arm, and Detective Chavez opined from the video and from photographs of Weinberger's arm that they matched as well as he could tell from the video.

- Officer Graham testified that he had seen Albert and Weinberger together in that part of town, which was predominantly black, and they stuck out because they were white. Officer Meals testified that Albert and Weinberger had a history of committing thefts, they stuck out in the area, and they were together a lot. Officer Pina testified that he knew Albert and Weinberger to be associates.

This corroborating evidence tends to connect Weinberger to the offense, and we do not find the evidence so weak or unconvincing as to make the State's case clearly and significantly less persuasive. Because Weinberger did not suffer egregious harm, the omission of the accomplice-witness instruction is harmless. We overrule issues five and six.

Issues one and two assert, respectively, that the evidence is legally and factually insufficient to support the conviction because the State failed to prove that the victim's bodily injuries were a result of the conduct forming the basis of the robbery charge. The indictment had charged that Weinberger, "while in the course of committing theft of property, and with intent to obtain and maintain control of said property, [did] intentionally, knowingly, or recklessly cause bodily injury to Laquait Sohl by struggling or wrestling with him."

When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v.*

*Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State,* 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). Any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The Court of Criminal Appeals recently overruled *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996) and factual-sufficiency review. *See Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The court held that the *Jackson v. Virginia* legal-sufficiency standard is the only standard a reviewing court should apply in determining the sufficiency of the evidence. *Id.* Because we cannot review the evidence for factual sufficiency, we overrule issue two and will proceed to a sufficiency review for issue one.

Soon after the robbery, police arrived at the scene, and a crime-scene technician took photographs of the scene and Sohl's injuries. He had bruises on his arms, loose and torn skin (some of which was bleeding), and fresh scrapes on both knees. The technician testified that all of these injuries appeared to be fresh. As Simmons described, and as the security video shows, Simmons and Sohl were grabbing Albert and trying to keep him in the store. Weinberger joined the scrum, grabbing at them and then helping to push them all out the door and onto the ground. A rational jury could have found beyond a reasonable doubt that Weinberger caused Sohl's bodily injuries by "struggling or wrestling" with him. Because the evidence is sufficient, we overrule issue one.

Issue three asserts that the evidence is factually insufficient under the law of parties because Albert lacked the mens rea for robbery.[1]  Albert testified that he smashed the machine and took money from it only because Sohl owed him money.  But this evidence comes into play if Albert was the primary actor and the State's theory was that Weinberger was guilty only under the law of parties.  Instead, as the State correctly argues, and as evidence discussed above reflects, Weinberger stole money himself from the register and under the counter and pushed Sohl out the door.  Albert's mens rea is irrelevant to Weinberger's criminal responsibility for his own intent to deprive Sohl of his money.  We thus overrule issue three.

In issue four, Weinberger complains that the State engaged in prosecutorial misconduct by impairing the presumption of innocence during voir dire.  "If a particular practice tends to brand the defendant with an unmistakable mark of guilt, it impairs the presumption of innocence and violates the Fourteenth Amendment's guarantee of due process of law, unless it furthers an essential state interest."  *Marx v. State,* 987 S.W.2d 577, 581 (Tex. Crim. App. 1999).  During voir dire, the prosecutor described the two phases of trial (guilt-innocence and punishment) and told the venire that they would only hear about what kind of person Weinberger is in the punishment phase, not in the guilt-innocence phase:

> [Prosecutor]:  You're not going to hear if he has any criminal history, if any, if he's ever done anything like this before.  You're not going to hear

---

[1] As we have noted, there is now only one standard of review for sufficiency—the *Jackson v. Virginia* standard.  *See Brooks,* 323 S.W.3d at 895.  Were we to address the evidence pertaining to Albert's mens rea, we would apply it to this issue.  *See Valdez v. State,* --- S.W.3d ---, ---, 2010 WL 5269818, at *6 (Tex. App.—San Antonio Dec. 15, 2010, no pet. h.); *Kibble v. State,* --- S.W.3d ---, ---, 2010 WL 4910236, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2010, no pet. h.).

any of that…. However, if the 12 of y'all find him guilty, then we go to the punishment phase, the next part. That's when you get to hear everything and that's when you get to use the - -

[Defense counsel]: Objection, Your Honor. He's implying that there is something to be - - to be heard.[2]

THE COURT: Overruled.

[Prosecutor]: If y'all find him guilty and go to the punishment phase, that's when y'all get to hear everything good or bad. You know, there may not be anything bad for y'all to hear about, but there may be. There may be a lot of good stuff…. But when you're deciding did he do it or did he not do it, you don't get to hear any of that kind of stuff.

Fairly read, the comments at issue (which we note could have been made more cautiously) do not effectively imply that evidence of Weinberger's criminal history or bad character exists. *See Mason,* 237 S.W.3d at 805. We overrule issue four.

Issue seven complains that the trial court violated Weinberger's constitutional right to impeach Albert over his motive to lie by threatening that it would allow the jury to hear evidence that Weinberger had a prior voluntary manslaughter conviction if Weinberger impeached Albert's testimony by introducing Albert's "plea papers."

Albert testified that the State had offered him a seven-year sentence if he told the truth and that he was otherwise facing a sentence of two to twenty years. He was already incarcerated for the underlying crime and was awaiting sentencing. He further testified that he had a prior conviction for manufacturing methamphetamine and had spent several years in prison on that conviction.

---

[2] We assume without deciding that a timely and specific objection was not required. *See Blue v. State,* 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (plurality op.) ("comments of the trial judge, which tainted appellant's presumption of innocence in front of the venire, were fundamental error of constitutional dimension and required no objection"); *see also Mason v. State,* 237 S.W.3d 800, 802, 805 (Tex. App.—Waco 2007, pet. ref'd).

After the State rested, Weinberger sought to offer Albert's plea papers to show that Albert was actually facing up to life in prison because of an apparent enhancement paragraph. The purpose was to correct the alleged false impression that Albert was facing only a twenty-year sentence and to show that he had actually been facing a life sentence, which allegedly gave him even more of a motive to lie for the State by inculpating Weinberger. The State objected to the introduction of Albert's plea papers on the grounds that they were not relevant to the charge against Weinberger and because Weinberger had the opportunity to cross-examine Albert on his plea bargain. The State further argued that if the trial court allowed the introduction of Albert's plea papers, which would show that the State was treating Albert more leniently than Weinberger, Weinberger would have "opened the door" for the State to introduce Weinberger's prior manslaughter conviction to show the jury why Albert was being treated differently (*i.e.*, the different nature of their respective prior convictions). The trial court indicated that it agreed with the State and that the door would be opened, upon which Weinberger withdrew his offer to introduce Albert's plea papers.

We overrule issue seven for two reasons. First, the trial court did not err because Weinberger's method of impeachment was improper. In a case involving the method for impeachment to correct a false impression, we recently wrote:

> The general rule is that a party is not entitled to impeach a witness on a collateral matter. *Ramirez v. State*, 802 S.W.2d 674, 675 (Tex. Crim. App. 1990). The test as to whether a matter is collateral is whether the cross-examining party would be entitled to prove it as a part of his case tending to establish his plea. *Id.* An exception exists "[w]hen a witness leaves a false impression concerning a matter relating to his or her

credibility, the opposing party is allowed to correct that false impression." *Id.* at 676.

However, "the opponent must correct the 'false impression' through cross-examination of the witness who left the false impression, *not* by calling other witnesses to correct that false impression." *Wheeler v. State*, 67 S.W.3d 879, 885 (Tex. Crim. App. 2002); *Jolly v. State*, No. 02-06-00386-CR, 2008 Tex. App. LEXIS 4600, at *10 (Tex. App.—Fort Worth June 19, 2008, no pet.) (not designated for publication). Not until after Jones had testified and the State had rested did Moore attempt to introduce evidence of Jones's payroll records through the testimony of Tracy Driver. Moore made no attempt to correct the alleged false impression through cross-examination of Jones. At most, the defense asked Jones on cross-examination, "And it was your testimony, if I recall it, that the check was for $2,800?" Jones responded affirmatively.

Moreover, "[u]nless the witness's testimony created a false impression that is '*directly relevant* to the offense charged,' allowing a party to delve into the issue beyond the limits of cross examination wastes time and confuses the issues." *Hayden v. State*, No. PD-0860-07, 2009 Tex. Crim. App. LEXIS 510, at *11 (Tex. Crim. App. Apr. 8, 2009) (emphasis added).

*Moore v. State,* No. 10-08-00211-CR, 2009 WL 1886450, at *3 (Tex. App.—Waco July 1, 2009, pet. ref'd) (mem. op.) (not designated for publication).

Second, Albert's plea papers were not made part of the record by an offer of proof or a bill of exceptions. To preserve a complaint that the trial court erroneously excluded evidence, the complaining party must bring forward a record indicating the nature of the evidence. *See* TEX. R. APP. P. 33.2; TEX. R. EVID. 103(a)(2). If the excluded evidence is not apparent from the context of the record, it must be brought forward either through a timely offer of proof or a formal bill of exception. *Id.; Shafer v. State*, 82 S.W.3d 553, 555 (Tex. App.—San Antonio 2002, pet. ref'd). Because Weinberger did not make a formal bill of exceptions or an offer of proof on Albert's plea papers, we have

nothing in the record to review, and he has not preserved his complaint. *See* TEX. R. APP. P. 33.2; TEX. R. EVID. 103(a)(2); *Guidry v. State,* 9 S.W.3d 133, 153 (Tex. Crim. App. 1999); *Simmons v. State,* 100 S.W.3d 484, 495 (Tex. App.—Texarkana 2003, pet. ref'd); *see also Lomax v. State,* No. 10-03-00156, 2006 WL 871723, at *8 (Tex. App.—Waco Mar. 29, 2006) (mem. op.) (not designated for publication) ("The rules of evidence and appellate procedure provide that a party may complain on appeal only of matters appearing in the record; otherwise, the party presents nothing for review."), *aff'd,* 233 S.W.3d 302 (Tex. Crim. App. 2007); *Rodrigues v. State,* No. 10-04-00191-CR, 2005 WL 2877173, at *4 (Tex. App.—Waco Nov. 2, 2005, no pet.) (mem. op.) (not designated for publication).

In issue eight, Weinberger asserts that the State engaged in prosecutorial misconduct by arguing outside the record during argument and by vouching for Albert as a witness. Jury argument is limited to: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answers to argument of opposing counsel; or (4) a plea for law enforcement. *Guidry v. State,* 9 S.W.3d 133, 154 (Tex. Crim. App. 1999); *Sandoval v. State,* 52 S.W.3d 851, 857 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). To determine whether a party's argument properly falls within one of these categories, we must consider the argument in light of the entire record. *Sandoval,* 52 S.W.3d at 857. We review a trial court's rulings on objections to jury argument for abuse of discretion. *Steadman v. State,* --- S.W.3d ---, ---, 2010 WL 2308591, at *3 (Tex. App.—Eastland June 10, 2010, no pet. h.).

Albert had testified that the State had offered him a seven-year sentence if he told the truth. In closing argument, Weinberger's counsel argued that, based on

Albert's inconsistent testimony,[3] Albert might be getting a longer sentence. The State objected that Weinberger's counsel was arguing outside the record, and the trial court sustained the objection. In rebuttal, the prosecutor argued that the State had decided what it was going to do with Albert. The trial court overruled Weinberger's counsel objection that the State was misstating the record. The prosecutor then argued that he was going to recommend that Albert get the seven-year sentence, and Weinberger's counsel then objected that this was not in evidence and that the prosecutor was testifying. The trial court allowed the argument, finding that it was invited. The prosecutor then said that he thought that Albert had told the truth "the best he could" and "in the end," to which Weinberger's counsel then objected to the prosecutor's opinion on Albert's testimony, which was overruled.

It is ordinarily improper for a prosecutor to vouch for a witness's credibility during argument. *Chapman v. State*, 503 S.W.2d 237, 238 (Tex. Crim. App. 1974); *see Sanders v. State*, 191 S.W.3d 272, 275 (Tex. App.—Waco 2006, pet. ref'd). But if defense counsel attacks a witness's credibility, it is permissible for the prosecutor to "stick up" for its witness in answer to the defense argument. *McDuffie v. State*, 854 S.W.2d 195, 217 (Tex. App.—Beaumont 1993, pet. ref'd); *see Chapman*, 503 S.W.2d at 238 (holding there was no error in vouching for witness's credibility because defense counsel invited it); *Forte v. State*, 935 S.W.2d 172, 178 (Tex. App.—Fort Worth 1996, pet. ref'd); *see also Albiar*

---

[3] On cross, Albert said that he acted alone in the theft. On re-direct, he said that he and Weinberger planned the theft before they walked in the store, which was also his testimony on direct. On re-cross, Albert said he did not give police Weinberger's name, but on further re-direct, after being reminded that he had given police Weinberger's name on video, he admitted that he had done so. And on further re-cross and re-direct, he reiterated that he and Weinberger planned the theft and that he had told Weinberger about the money under the counter.

*v. State,* 739 S.W.2d 360, 362 (Tex. Crim. App. 1987) ("If the defense counsel invites argument, as is the case here, then it is appropriate for the State to respond.").

We cannot say that the trial court abused its discretion in finding that Weinberger's counsel invited the prosecutor's arguments and in overruling the objections. Issue eight is overruled.

Issue nine asserts that Weinberger's confrontation rights were violated in the punishment phase when the State introduced his disciplinary records (forty-seven reports) from his previous imprisonment and he was unable to cross-examine the prison personnel who compiled or prepared the reports. The reports contain disciplinary offenses and dispositions; all narrative descriptions that would constitute testimonial statements were redacted.

"Whether a particular out-of-court statement is testimonial is a question of law." *Grey v. State,* 299 S.W.3d 902, 907 (Tex. App.—Austin 2009, pet. ref'd) (citing *De La Paz v. State,* 273 S.W.3d 671, 680 (Tex. Crim. App. 2008)). We review the trial court's ruling admitting the evidence against a constitutional objection under a bifurcated standard, giving deference to the trial court's findings regarding any pertinent historical facts but reviewing de novo the trial court's application of the law to those facts. *Id.* (citing *Wall v. State,* 184 S.W.3d 730, 742-43 (Tex. Crim. App. 2006).

"Texas courts have recognized this distinction between (1) official records that set out a sterile and routine recitation of an official finding or unambiguous factual matter such as a judgment of conviction or a bare-bones disciplinary finding and (2) a factual description of specific observations or events that is akin to testimony." *Smith v.*

*State,* 297 S.W.3d 260, 276 (Tex. Crim. App. 2009); *see id.* at 276 n.3. "Regardless of whether they qualify for admission under the rules of evidence, documents kept in the regular course of business are not admissible under the Confrontation Clause 'if the regularly conducted business activity is the production of evidence for use at trial.'" *Grey,* 299 S.W.3d at 907-08 (quoting *Melendez-Diaz v. Massachusetts,* --- U.S. ---, ---, 129 S. Ct. 2527, 2538, 174 L.Ed.2d 314 (2009)). Because the redacted disciplinary reports are not testimonial and plainly were not prepared for prosecutorial use, the trial court did not err in admitting them. *See Smith,* 297 S.W.3d at 277-78; *Segundo v. State,* 270 S.W.3d 79, 107 (Tex. Crim. App. 2008) (op. on reh'g) (noting "distinction between official records that set out a sterile and routine recitation of an official finding or unambiguous factual matter," which are not testimonial, and records that contain "a factual description of specific observations or events that is akin to testimony," which are testimonial); *Grey,* 299 S.W.3d at 907-08 (citing and discussing *Melendez-Diaz*); *cf. Russeau v. State,* 171 S.W.3d 871, 880-81 (Tex. Crim. App. 2005) (holding as inadmissible jail incident reports and prison disciplinary reports that documented, in the most detailed and graphic of terms, numerous and repeated disciplinary offenses by the defendant). We overrule issue nine.

In the punishment phase, the State introduced a 1989 judgment reflecting Weinberger's guilty plea to voluntary manslaughter. The State also offered a certified and file-marked copy of the murder indictment purportedly relating to that judgment. The trial court overruled Weinberger's relevance objection, which forms his tenth issue. We review a trial court's decision to admit or exclude evidence for an abuse of

discretion. *McDonald v. State,* 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Section 3(a) of Article 37.07 of the Code of Criminal Procedure grants trial courts broad discretion to admit evidence of extraneous crimes or bad acts during the punishment phase. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp. 2010). "[T]he admissibility of evidence at the punishment phase of a non-capital felony offense" trial "is" really "a function of policy rather than relevance." *Rodriguez v. State*, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006). "Evidence is 'relevant to sentencing,' within the meaning of" Article 37.07, Section 3(a), "if the evidence is 'helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case.'" *McGee v. State,* 233 S.W.3d 315, 318 (Tex. Crim. App. 2007) (quoting *Rodriguez*, 203 S.W.3d at 842). The test for relevancy is much broader during the punishment phase because it allows a jury to consider more evidence in exercising its discretion to assess punishment within the appropriate range. *See Murphy v. State,* 777 S.W.2d 44, 63 (Tex. Crim. App. 1988) (op. on reh'g).

We cannot say that the trial court abused its discretion in admitting the indictment on relevance grounds.[4] Issue ten is overruled.

---

[4] In his reply brief, Weinberger additionally argues that the indictment is hearsay, but that objection was not made in the trial court and thus is not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1)(A).

Having overruled all of Weinberger's issues, we affirm the trial court's judgment.


                                    REX D. DAVIS
                                    Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Chief Justice Gray concurs in the Court's judgment to the extent it affirms the
        trial court's judgment. A separate opinion will not issue. He notes, however,
        that with regard to issue seven Weinberger did not offer any evidence,
        essentially having been talked out of the offer due to possible consequences of
        the admission of what he sought to introduce. Accordingly, having offered
        nothing, there was no state's objection or trial court ruling for review by this
        Court.)
Affirmed
Opinion delivered and filed February 23, 2011
Do not publish
[CRPM]