02-11-255-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00255-CR


 
 
 Rickey Lynn Parker
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
 
 
 
 
 The
 State of Texas
 
 
  
 
 
 STATE
 
 


----------

FROM THE 415th
District Court OF Parker COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Introduction

Appellant
Rickey Lynn Parker pled guilty to unauthorized use of a motor vehicle (UUMV)
and elected for the jury to assess his punishment.  He now appeals his
conviction, contending in a single point that the trial court abused its
discretion during the punishment phase by limiting Appellant’s
cross-examination of a witness for the State.  We affirm.

Factual
and Procedural Background

Steve
Miller did contract work for Phillip Morris demolishing buildings as a part of
the Trinity River Project.  Appellant was living in a halfway house after his
release from prison when he met Miller and asked him for a job.  Miller hired
Appellant as a day laborer on the job he was doing for Morris.

Miller
and Morris felt that Appellant was a hard worker and a “good guy,” and Morris let
Appellant move into his shop on his Parker County farm and live there rent free
beginning the first week in October 2010.  He also let Appellant drive his 2003
Chevrolet pickup back and forth from the shop to work.  Although Morris and
Appellant had discussed Appellant buying the truck from Morris, they never
struck a deal.

Danny
Blount also lived on Morris’ property at the time and performed security
duties.  One morning in November, Blount saw Appellant drive away in Morris’s
truck.  He knew that Appellant had a ten o’clock curfew, so when Appellant did
not return with the truck by that time that evening he believed that Appellant
was not coming back.  Appellant did not report to work the next day, which
caused Miller and Morris concern for his safety.  Both tried to call Appellant
on the cell phone that Morris had purchased for him but were unable to reach
him.  After several days, Morris called the Parker County Sheriff to report his
truck missing.

About
two weeks after he took the truck, Appellant called Miller from Dallas and told
him he “had messed up and he––wanted to find out if he [could] come back to
work.”  Miller suggested he check with Morris.  Appellant called Morris, asked him
to come to Dallas and pick him up, and Morris went there as directed.  On the
way, he called the Dallas Police.  They responded and ultimately arrested
Appellant.  The truck was damaged but recovered.  Appellant pled guilty to
UUMV, pled true to two enhancement paragraphs that had alleged prior state jail
felony convictions, and elected to have the jury decide his punishment.

During
the punishment phase of Appellant’s trial, Miller testified as follows:

Q.  [by the State] 
Okay.  Now in fairness, did the actions of the defendant cause you to lose work
with Mr. Morris?

 

A.      Yes, it did.

 

Q.      Okay.  Was
that the sole reason why you lost work with Mr. Morris?

 

A.      No, not the
sole reason.

 

Q.      Okay.  And
are you here testifying today because you’re mad at the defendant because you
lost work with Mr. Morris?

 

A.      No.[2]

 

Later,
in a hearing outside the presence of the jury, Appellant argued that he should
be allowed to impeach Miller with the fact that Miller was a registered sex
offender and argue that was the reason Miller lost business with Morris––not
because Miller had hired Appellant and Appellant had committed a crime against
Morris.  The State objected that the offense that had required Miller to
register as a sex offender had resulted in deferred adjudication community
supervision that had been discharged and thus was inadmissible under the rules
of evidence because it had not resulted in a conviction.[3] 
The State also objected that the proposed line of cross-examination was not
relevant.  After allowing Appellant to ask his questions outside the jury’s presence,
the trial court instructed him not to do so in front of the jury.

The
trial continued, and after both sides had rested, the jury assessed punishment
at ten years’ confinement with a $10,000 fine,[4]
and the trial court sentenced Appellant accordingly.

In
his sole point on appeal, Appellant claims the trial court abused its
discretion by not permitting Appellant to confront and cross-examine Miller
before the jury regarding his status as a registered sex offender.  We
disagree.

Analysis

Standard
of Review

We
review a trial court’s decision to limit cross-examination for an abuse of
discretion.  Walker v. State, 300 S.W.3d 836, 843 (Tex. App.––Fort Worth
2009, pet. ref’d); Pope v. State, 161 S.W.3d 114, 123 (Tex. App.––Fort
Worth 2004), aff’d,  207 S.W.3d 352 (Tex. Crim. App. 2006), cert.
denied, 549 U.S. 1350 (2007).  In applying this standard, we look to
whether the trial court’s ruling goes beyond the zone of reasonable
disagreement.  Green v. State, 934 S.W.2d 92, 101–02 (Tex. Crim. App.
1996), cert. denied, 520 U.S. 1200 (1997); Burden v. State, 55
S.W.3d 608, 615 (Tex. Crim. App. 2001).  As long as the trial court’s decision
is correct under any theory of law applicable to the case, it must be upheld.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).

Right
to Confront and Cross-Examine

The
United State Supreme Court has held that the right to confrontation is “[o]ne
of the fundamental guarantees of life and liberty. . . .”  Kirby v. United
States, 174 U.S. 47, 55–56, 19 S. Ct. 574, 577 (1899).  As the Supreme
Court held in Davis v. Alaska, “The main and essential purpose of
confrontation is to secure for the opponent the opportunity of cross-examination.” 
415 U.S. 308, 315–16, 94 S. Ct. 1105, 1110 (1974).

Appellant
claims that he should have been allowed to cross-examine Miller about his
status as a registered sex offender because Miller’s testimony on direct
examination left a false impression with the jury, that is, that the sole reason
he lost business with Morris was because he hired Appellant when, in fact, it
could have been because he was a registered sex offender.  Appellant contends
that the trial court’s limiting his cross-examination “boosted” Miller’s credibility. 
He urges that he should have been allowed to highlight “testimonial defects”
and impeach Miller based on a general lack of credibility.

Miller
did not leave a false impression.

The
prosecutor asked Miller how his hiring Appellant affected his future job
prospects with Morris:

Q.      Okay.  Was
that the sole reason why you lost work with Mr. Morris?

 

A.      No, not the
sole reason.

 

Appellant
misconstrues Miller’s answer in the affirmative and argues that Miller left the
“false impression” that the sole reason he did not get more work from Morris
was because he had hired Appellant.  But Miller did not leave a false impression.

After
Miller testified as set out above, and during his cross-examination, Appellant
requested a hearing outside the presence of the jury, during which he stated that
he desired to question Miller about his status as a registered sex offender as
“[a] matter of credibility, Judge, to put his credibility in the proper context
before the jury.”  The State objected under Texas Rules of Evidence 609 and
relevance.  Defense counsel responded that he should be allowed to
cross-examine on the issue as “impeachment because of the way in which he’s
presented himself and his business and his lack of business now with Mr.
Morris.”  As he pursued his request, the record reflects the following:

          MR. ALLEY
[for Appellant]:  . . .  I would like to ask him one question of did he lose
business with Mr. Morris as a result of being convicted or - - excuse me, not
convicted but placed on deferred and then having to register as a sex
offender.  And if it didn’t, that’s fine, I understand.  But I think it’s
important to respond to the state’s relevance point.

 

          THE COURT: 
Well, okay.  If I let you ask that question, then you would - - 

 

          MR. ALLEY: 
I don’t mean to ask it in front of the jury, I meant now.

 

          THE COURT: 
Okay.  And the question and the answer would not be published to the jury
unless the Court permits that.

 

          MR. ALLEY: 
Right.

 

          THE COURT: 
Would that be the deal between us?

 

          MR. ALLEY: 
That’s the arrangement.

 

          THE COURT: 
Okay.  I’ll let you ask him the question.

 

          Q.  (BY MR.
ALLEY)  You said you lost some business with Mr. Morris.  Did you lose business
with Mr. Morris in part because you have a deferred that you completed and
you’re a registered sex offender?

 

          A  [Miller]. 
No.

 

As a
general rule, a party is not entitled to impeach a witness on a collateral
matter.  Ramirez v. State, 802 S.W.2d 674, 675 (Tex. Crim. App. 1990); see
Hayden v. State, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009) (holding that
murder victim’s status as a sex offender was a collateral issue that was not
relevant to jury’s assessment of appropriate sentence).  An issue is
collateral, if beyond its impeachment value, a party would not “be entitled to
prove it as part of his case tending to establish his plea.”  Hayden,
296 S.W.3d at 554; Ramirez, 802 S.W.2d at 675; Bates v. State,
587 S.W.2d 121, 142 (Tex. Crim. App. 1979) (op. on reh’g); see also Shipman
v. State, 604 S.W.2d 182, 183 (Tex. Crim. App. 1980).

An
exception to the general rule exists when a witness leaves a false impression
concerning a matter relating to his or her credibility that allows the opposing
party to correct that false impression.  Hayden, 296 S.W.3d at 554; Ramirez,
802 S.W.2d at 676.

Contrary
to Appellant’s position, Miller did not testify before the jury that the sole
reason he did not get more work from Morris was because he had hired Appellant. 
Further, at the hearing outside the jury’s presence Miller confirmed that his
hiring Appellant was not the sole reason he did not get more work from Morris,
and he established that his status as a registered sex offender had nothing to
do with the loss of job opportunities.

Appellant’s
contention that Miller’s testimony created a false impression, and thereby
warranted invoking the exception, is unsupported by the testimony.

General
Credibility

Appellant
argued at trial that he should be allowed to cross-examine Miller about his
prior deferred adjudication probation that had been imposed in 1998 and that
required Miller to register as a sex offender for life.  Appellant did not
claim at trial and does not claim on appeal that he wished to so cross-examine
Miller to reveal any possible biases, interests or motives but he argued that
the cross-examination should have been allowed to “put his credibility in the
proper context before the jury.”

An
accused does not have an absolute constitutional right to impeach the general
credibility of a witness in any fashion he chooses.  See Hammer v. State,
296 S.W.3d 555, 562 (Tex. Crim. App. 2009).  While the Confrontation Clause
guarantees an opportunity for effective cross-examination, trial courts have
the discretion to limit cross-examination as inappropriate for a number of
reasons including the prevention of harassment, prejudice and marginally
relevant interrogation.  Carpenter v. State, 979 S.W.2d 633, 634 (Tex.
Crim. App. 1998) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679, 106
S. Ct. 1431, 1435 (1986)); Smith v. State, 352 S.W.3d 55, 64 (Tex. App.––Fort
Worth 2011, no pet.).

Rule
609(a) of the Texas Rules of Evidence allows for impeachment of a witness with
evidence of a conviction for a prior felony or crime of moral turpitude if the
trial court determines that the proponent of the evidence meets the burden of
demonstrating that the probative value of the evidence outweighs the
prejudicial effect.  Tex. R. Evid. 609(a); Theus v. State, 845 S.W.2d
874, 880 (Tex. Crim. App. 1992).[5]  However, if the date of
conviction or the release of the witness from confinement is more than ten
years from the date of impeachment, the evidence of the conviction is
permissible only if the probative value of the conviction supported by the
facts and circumstances “substantially outweighs” its prejudicial effect.  Tex.
R. Evid. 609(b); Morris v. State, 67 S.W.3d 257, 263 (Tex. App.––Houston
[1st Dist.] 2001, pet. ref’d).[6]  Deferred adjudication is
not a conviction and cannot be used to impeach a witness under 609(a) unless
the proponent makes a showing that the witness testified as a result of bias,
motive or ill will emanating from his status of deferred adjudication.  Jones
v. State, 843 S.W.2d 487, 496 (Tex. Crim. App. 1992), cert. denied,
507 U.S. 1035 (1993); Callins v. State, 780 S.W.2d 176, 196 (Tex. Crim.
App. 1986) (op. on reh’g), cert. denied, 497 U.S. 1011 (1990).

Appellant
did not claim at trial and does not now claim that Miller was biased or that he
had ill feelings or animosity toward Appellant.  At trial he argued that the
collateral consequence of Miller’s completed deferred adjudication probation
was sex offender registration for life and that he should be allowed to ask
Miller about that to put his credibility in the proper context before the
jury.  On appeal, however, his argument has transformed––unsupported by any
authority––to a claim that “the disabilities caused by the underlying conviction
for which registration did not expire, neither did the conviction and thus were
a proper area of inquiry prohibited by the court . . .”.  But even if we take
from this that Appellant is claiming that Miller’s status as one who must
register as a sex offender was a proper inquiry on cross- examination,
Appellant has provided no authority to support such a contention.  Moreover,
Appellant did not argue at trial and does not now argue that Miller’s status as
a sex offender was somehow a proper topic for impeachment outside the context
of Rule 609.  Absent any support for this contention, we will not address it
further.

The
evidence presented at the hearing on this issue showed that Miller was never
“convicted” of any offense.  Denying Appellant the right to impeach Miller with
a remote and successfully completed deferred adjudication probation did not
deny Appellant his constitutional right of confrontation.  See Jones,
843 S.W.2d at 496; Callins, 780 S.W.2d at 196.  No abuse of discretion
having been shown, we overrule Appellant’s sole issue.

Conclusion

Having
overruled Appellant’s sole issue, we affirm the judgment of the trial court.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 20,
2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00255-CR

 

 









 
 
 Rickey
 Lynn Parker
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 415th District
 Court
  
 of
 Parker County (CR11-0132)
  
 September
 20, 2012
  
 Opinion
 by Justice Gabriel
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
JUSTICE LEE GABRIEL








 

 









[1]See Tex. R. App.
P.47.4.





[2]Inexplicably, citing this
same testimony––which we have quoted verbatim––Appellant claims that “Miller
stated that the sole reason that he had lost doing further business with Morris
was over this incident with the Appellant.”





[3]Rule 609 is entitled Impeachment
by Evidence of Conviction of Crime.  Rule 609(b) provides that “evidence of
a conviction” is too remote for impeachment purposes if “more than ten
years has elapsed since the date of the conviction or of the release of the
witness from the confinement imposed for that conviction, whichever is
the later date, unless the court determines . . . that the probative value of
the conviction supported by specific facts and circumstances
substantially outweighs its prejudicial effect.” Tex. R. Evid. 609(b) (emphasis
added).  Rule 609(c)(2) provides that the prior conviction is not
admissible if the probation has been satisfactorily completed and that person
has not been convicted of a subsequent crime.  Id. 609(c)(2) (emphasis
added).





[4]Texas Penal Code section
12.42(a)(1), which was applicable at the time this case was tried, provided,
“If it is shown on the trial of a state jail felony punishable under Section
12.35(a) that the defendant has previously been finally convicted of two state
jail felonies, on conviction the defendant shall be punished for a third degree
felony.” Tex. Penal Code Ann. § 12.42(2)(1) (West 2011).  

The applicable range of punishment was two to ten
years in the penitentiary with a fine not to exceed $10,000. Id. §
12.34.





[5]Our rules of evidence
prohibit the introduction of evidence concerning specific instances of conduct
for impeachment of credibility, other than conviction of a crime under Rule
609.  Tex. R. Evid. 608(b).





[6]Miller’s testimony was
presented on June 23, 2011.  He was placed on deferred adjudication more than
ten years before, in 1998.  Even if he had been convicted then, instead of
receiving deferred adjudication, the conviction would have been too remote for
impeachment.  See Tex. R. Evid. 609(b).